CASE 8—INDICTMENT—DECEMBER 6.

# Little vs. Commonwealth.

APPEAL FROM M'LEAN CIRCUIT COURT.

1. In a proceeding on a forfeited recognizance, by summons in the circuit court, on motion of the defendant, who was surety in the recognizance, the court quashed the indictment, and forthwith rendered judgment for execution for the amount of the adjudged forfeiture. By quashing the indictment, the pending prosecution was closed, but the recognizance did not thereby become *functus officio*, and the judgment of forfeiture was not thereby stifled.

2. The quashal of the indictment did not bar a continuance or renewed prosecution for the same offense; nor did it deprive the surety in the bail bond of his right to surrender or arrest the accused and put him in the custody of the court, subject to trial under such prosecution, and thus bring himself within the 94th section of the Criminal Code.

LUCIUS P. LITTLE,            For Appellant,

CITED—

*Criminal Code*, secs. 88, 185, 69, 150, 80.

7 *Dana*, 244; *Starr vs. Commonwealth.*

*MSS. Opin.*, Dec., 1857; *Jones vs. Commonwealth.*

1 *Duvall*, 178; *Wintersoll vs. Commonwealth.*

1 *Duvall*, 244; *Johnson vs. Commonwealth.*

2 *Metcalfe*, 386; *Commonwealth vs. Coleman.*

1 *Duvall*, 276; *Askins vs. Commonwealth.*

*Rev. Stat.*, 1 *Stant.*, 571.

3 *J. J. Marshall*, 642; *West vs. Commonwealth.*

3 *Monroe*, 212; *Hamilton vs. Commonwealth.*

1 *Institutes*, 343.

3 *Marshall*, 456; *Commonwealth vs. Mason.*

JOHN RODMAN, Attorney General,          For Appellee.

---

Little vs. Commonwealth.

---

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

In this proceeding by summons against the appellant as surety in a forfeited recognizance for his principal's appearance in the circuit court to answer a criminal charge, the court having, on the appellant's motion, quashed the indictment, forthwith rendered judgment for execution for the amount of the adjudged forfeiture; and among all the alleged errors urged for reversal by the appellant's counsel, no one of them is deemed available.

But the untouched question, as to the legal effect on the recognizance of the quashal of the indictment, may be worthy of grave consideration.

As the circuit court, by quashing the indictment, closed the then pending prosecution, did the recognizance become *functus. officio*, and was the judgment of forfeiture thereby stifled?

As adjudged by this court in the case of *The Commonwealth vs. Rowland* (*4th Met.*, 225), no such consequence could have resulted. According to the law existing before the enactment of section 94 of our Criminal Code of Practice, providing, that "if, before judgment is entered against the bail, the defendant be surrendered or arrested, the court may, at its discretion, remit the whole or part of the sum specified in the bail bond."

And, in the same case, this court also adjudged that either the surrender or arrest of the accused is indispensable to the judicial exercise of the remitting discretion thus delegated.

The sole object of requiring bail was to secure the trial of the accused, and as that end might be attained by his surrender or arrest, so as to be tried under a subsisting or a new indictment, the Legislature wisely provided that, in that event, the bail might be entitled to remission.

Such is clearly the presumed object and intent of the foregoing enactment.

The quashal of the indictment in this case did not bar a continued or renewed prosecution for the same offense. Nor did it deprive the appellant of his right to surrender or arrest the accused and put him in the custody of the court, subject to trial under such prosecution, and thus bring himself within the 94th section of the Criminal Code. And even if he was deprived of the right of arrest, his own voluntary act procured the quashal now urged as the ground of his exoneration as bail, and the cause of his inability to claim the benefit of the court's discretionary remission.

We are, consequently, of the opinion that there was no error in adjudging execution against the appellant for the amount specified in the forfeited recognizance.

Wherefore, the judgment is affirmed.