## Court of Appeals.

*June,* 1886.

## PEOPLE *ex rel.* KOPP *v.* BOARD OF POLICE COMMIS-SIONERS.

(Affirming 4 *N. Y. Crim. Rep.* 300.)

### PUBLIC INTOXICATION A CRIME—POLICE OFFICERS OF NEW YORK CITY, REMOVAL OF.

One who has been convicted of intoxication in a public place, in violation of Laws of 1857, chapter 628, section 17, as amended by Laws of 1869,

chapter 856, has been convicted of a crime, and is therefore ineligible under section 268 of the Consolidation Act to hold the position of police officer in the city of New York.

Where the police commissioners have appointed to the office one ineligible therefor upon such ground, they have the right when such fact comes to their knowledge, summarily to vacate his appointment, though no written charges have been made or preferred against him.

The provision of Laws of 1882, chapter 410, section 250, as amended by Laws of 1884, chapter 180, requiring written charges before a member of the force shall be dismissed, &c., is waived in case the accused, understanding the charge against him, appears by his counsel and proceeds to trial on the merits, without objection.

APPEAL from an order of the General Term of the Supreme Court affirming the proceedings of the police commissioners of New York city in dismissing the relator from the police force, on the ground that prior to his appointment he had been convicted of the crime of public intoxication.

The facts appear in the opinion.

*John E. Burke*, for appellant.

*D. J. Dean*, for respondents.

EARL, J.—Section 268 of the New York Consolidation Act, chapter 410 of the Laws of 1882, provides that no person shall ever be appointed to membership in the police force, or permitted to hold membership therein, or be appointed a patrolman, "who shall have been convicted of any crime." Robert Kopp, the relator, was on the 12th of April, 1880, arrested for public intoxication in the city of New York, and taken before a police justice and there charged with such intoxication and convicted thereof, and fined five dollars, which fine he paid. Thereafter, in July, 1883, he applied to the board of police commissioners to be appointed a patrolman of the police force in the city of New York, and in answer to questions put to him, stated that he had never been arrested for or convicted of any crime; and he was thereupon appointed patrolman. Subsequently, in October, 1885, it having come to the knowledge of the police commissioners that he had been convicted of the alleged crime, they passed the following resolution: "*Resolved,*

That patrolman Robert Kopp, twenty-second precinct, be directed to appear before this board on the 30th instant, at twelve M., and that the attendance of Knox McAfee, second district police court, be requested."

In pursuance of that resolution, Kopp was requested to appear before the board on the 30th of October, and he appeared there with his counsel, and his counsel at the opening of the proceedings stated as follows: "If your honors please, I appear for the defendant and we have to say this, that although we admit there that the officer had been arrested and fined in a police court, we now contend that there has never been a conviction of any crime." It thus appears that the relator was informed of the charge against him and understood perfectly the purpose for which he had been summoned to appear. It was clearly shown by the examination of the relator and other evidence, that he was arrested and duly convicted of being intoxicated in a public place, and that he was fined five dollars and paid the fine. Thereupon the board resolved "that the name of Robert Kopp be stricken from the roll of the police department and force, and that the superintendent be directed to issue the necessary order for the return of his shield and manual, and to not allow him to perform any further duty as patrolman." It is now claimed that the action of the board was illegal for three reasons:

*First.* It is said that they had no jurisdiction to try the relator and discharge him from the police force without written charges as required by section 250 of chapter 410 of the Laws of 1882, as amended by chapter 180 of the Laws of 1884, which provides that no member of the police "shall be fined, reprimanded, removed, suspended or dismissed from the police force until written charges shall have been made or preferred against him."

This is not, we think, such a case as is contemplated by that section. Kopp was not legally a member of the police force. He was ineligible; the police commissioners had no right under the statute to appoint him; and, when it came to their knowledge that he had been convicted of a crime, and was, therefore,

ineligible to the office, they had the right summarily to vacate his appointment, discharge him from the police force, and refuse longer to recognize him as a member thereof.

This was not a case in which the commissioners were authorized or required to try or discipline Kopp for any offense committed by him as a member of the force, but it was simply an investigation to ascertain whether he was legally a member of the force, and that was an investigation to be conducted by them in their own way. If they should thus wrongfully dismiss a police officer, he would have his remedy for restoration by *mandamus.*

But if our views were different, we would still reach the same conclusion. The provision, in the section above quoted, requiring written charges to be made against a police officer before he can be punished or discharged from the police force, is made for the benefit of the officer, and it may be waived by him. In this case the relator appeared by his counsel, understanding perfectly the charge which was to be investigated, and proceeded to trial upon the merits, in no way making objection that written charges had not been preferred against him. Under such circumstances we think he clearly waived the presentation of written charges, and that it is now too late for him to make this objection.

*Second.* It is claimed that Kopp was not convicted of any crime. The offense for which he was convicted is created by section 17 of the excise act of 1857, as amended by chapter 856 of the Laws of 1869, which declares it to be the duty of every officer, whenever he shall find a person intoxicated in any public place, to apprehend such person and take him before some police magistrate, whose duty it shall be to try him for such offense; and, upon his conviction by the magistrate of such offense, it is declared that such person shall be fined not less than three dollars nor more than ten dollars, in the discretion of the magistrate trying him; and provision is made for his imprisonment in case the fine is not paid. The section then proceeds—"the offense of intoxication being hereby declared to be an offense against the provisions of this act, and punishable as above provided, it shall be the duty of such

officer to arrest, or cause to be arrested, all such persons found so intoxicated, and of the magistrate to entertain such complaint, and to make such examination, under a penalty of fifty dollars, with full costs of suit, for any neglect to comply with the provisions of this section."

The relator was therefore, legally arrested for the "offense of intoxication," and the question for our determination is, was such offense a crime? It certainly has all the elements of a crime. Public intoxication is offensive to public decency and dangerous to the good order and well being of society. The officers charged with the arrest of other criminals are empowered to arrest persons guilty of this offense, and they are required to be tried as criminals and punished as criminals. Public intoxication is declared to be an offense, and in the statutes, ordinarily, the words "offense" and "crime" are synonymous. Various violations of the excise act are made crimes punishable as misdemeanors, and yet in the act they are always called offenses. In the Revised Statutes it is declared that the words "crime" and "offense" when used in the statute, "shall be construed to mean any offense for which any criminal punishment may by law be inflicted" (3 *R. S.* 7th ed. § 32, p. 2539); and in the Penal Code, section 33, a crime is defined as follows: "An act or omission forbidden by law and punishable upon conviction," among other ways by a "fine."

So, taking the manner in which this offense is required to be dealt with, and the language used in the statute in reference thereto, we are of opinion that public intoxication under the excise act of 1857, as subsequently amended, is a crime, and, therefore, that the defendant was convicted of a crime which made him ineligible to the office of patrolman in the police force.

*Third.* It is further claimed that there was no competent evidence before the board to show that the relator was lawfully convicted. The evidence was sufficient to show that the police magistrate had jurisdiction of the offense and that, therefore, the conviction was legal.

The order should be affirmed.

All concur, except ANDREWS and MILLER, JJ., absent.