### PEOPLE v. BARBER.

(Supreme Court, General Term, Third Department. December 6, 1893.)

ASSAULT—INDICTMENT.

An indictment which alleges that defendant did, "with intent to resist a lawful mandate of court, and to prevent the apprehension" of himself by an officer, assault said officer "while he was in the act of lawfully apprehending and arresting said" defendant, is sufficient, being in the language of Pen. Code, § 218.

Appeal from court of oyer and terminer, Franklin county.

Allen Barber was indicted and convicted of assault in the second degree, and appeals. Affirmed.

The indictment is as follows:

"The grand jury of the county of Franklin by this indictment accuse Allen Barber of the crime of assault in the second degree, committed as follows: The said Allen Barber, on the 7th day of March, 1893, at the town of Dickinson, in this county, did feloniously, and with intent to resist a lawful mandate of a court, and to prevent the apprehension of the said Allen Barber by an officer, to wit, James Sabin, a constable of the said town of Dickinson, assault the said James Sabin, a constable, aforesaid, while he was in the act of lawfully apprehending and arresting the said Allen Barber, by striking said Sabin with his fist, against the form of the statute in such case made and provided, and against the peace of the people of the state of New York and their dignity."

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

R. M. Moore, for appellant.

Fred'k G. Paddock, for respondent.

HERRICK, J. It seems to me that the indictment sufficiently sets forth an offense under section 218 of the Penal Code.[1] The evidence shows that the defendant was committing an offense under section 448 of the Penal Code. The person who made the arrest, and whom the defendant assaulted, was a constable, and the defendant's offense was committed in his presence. Under section 177 of the Code of Criminal Procedure, a constable had authority to

[1] Pen. Code, § 218, provides as follows: "A person who, under circumstances not amounting to the crime specified in the last section, [assault in the first degree,] * * * (5) assaults another with intent to commit a felony, or to prevent or resist the execution of any lawful process or mandate of any court or officer, or the lawful apprehension or detention of himself, or of another person, is guilty of assault in the second degree."

arrest him for such offense without a warrant. The judgment should therefore be affirmed. I see no occasion for an opinion. All concur.