### PEOPLE v. DOYLE.

(Supreme Court, Appellate Division, Third Department. December 2, 1896.)

1. CRIMINAL LAW—DISCRETION—WITHDRAWAL OF PLEA "NOT GUILTY."
   It is within the discretion of the trial court to refuse to allow accused to withdraw his plea of not guilty, in order that he may move for a dismissal of the indictment on the ground that more persons were acting on the grand jury than were entitled to act.

2. SAME—APPEAL—HARMLESS ERROR.
   A ruling that an indictment sufficiently alleged a higher degree of assault than defendant was convicted of is harmless.

Appeal from court of sessions, Albany county.

William Doyle was convicted of assault in the third degree, and appeals. Affirmed.

The indictment was for assault in the second degree. It charged that the defendant and one Hughes made an assault upon one Ford, a policeman and peace officer of the city of Albany, and beat and bruised him, while he was then and there lawfully engaged in the discharge of his duties as such policeman, and did unlawfully and willfully resist him in the discharge of his duties as such policeman, with the intent on the part of the said Doyle and Hughes then and there to prevent and resist the lawful apprehension, arrest, and detention of said Doyle and Hughes.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

H. A. Peckham, for appellant.

Eugene Burlingame, Dist. Atty., and John T. Cook, Asst. Dist. Atty., for the People.

MERWIN, J. The defendant claims the court erred in refusing to allow the defendant to withdraw his plea of not guilty, in order that he might make a motion to set aside the indictment on the ground that there were more persons acting on the grand jury than were entitled to act. The question whether the defendant should have the leave asked for was in the discretion of the court. No reason for granting it is disclosed by the record. It is suggested

that the defendant, at his arraignment, did not have counsel, but that does not appear. We cannot say that the court erred, or improperly exercised its discretion.

Error is claimed in the refusal of the court to rule that under the indictment the defendant could only be placed on trial for an assault in the third degree. The argument is that the indictment does not state facts showing that the officer was in the lawful discharge of his duties. It is not clear that the indictment is defective. People v. Barber, 74 Hun, 368, 26 N. Y. Supp. 417. As, however, the conviction was only for assault in the third degree, it is not apparent that the defendant was harmed by the ruling, if erroneous.

Error is claimed in that the court, in its charge, stated that, if the arrest of Hughes was illegal, no person had a right to resist the officer except the party who is illegally arrested, and upon request refused to charge that, if Police Officer Ford had no right to arrest Hughes, then it was no crime to resist the policeman; and also refused to charge that, if the policeman was using more force on Hughes than was necessary to make the arrest, Doyle was justified in stopping him from using that greater force. On the part of the people it was shown that Hughes was intoxicated, in a public place. This was an offense which permitted his arrest without warrant (Laws 1892, c. 401, § 35), and was a crime, as held in People v. French, 102 N. Y. 583, 7 N. E. 913. The fact that Hughes was intoxicated was not denied by the defendant when on the stand as a witness. On the contrary, his evidence tends to corroborate the evidence of the people on that subject. Assuming, as I think we should, that Hughes was intoxicated, then Ford had the right to arrest him. Code Cr. Proc. §§ 154, 177. If so, then the remarks complained of in the charge of the court, and the refusal of the request first stated, become unimportant, and do not affect the merits of the case, although the court may not have been strictly accurate in the law laid down.

The other request complained of assumes that Doyle was in the act of stopping Ford from using greater force than was necessary to arrest Hughes. On the contrary, upon the undisputed evidence it is quite apparent that the interference of Doyle was not for the purpose of preventing the use on Hughes of unnecessary force, but to prevent his arrest at all. If so, the defendant was not entitled to the request asked, even though, in a proper case, it was a correct legal proposition. In a case like this we are required to give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties. Code Cr. Proc. § 542. Having this in view, the judgment should be affirmed.

Judgment of conviction affirmed. All concur.