CASE 34—PETITION ORDINARY—APRIL 30.

# Arnsparger v. Norman, Auditor, &c.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

1. DEPOSIT OF MONEY IN LIEU OF BAIL.—While a deposit of money in lieu of bail, (under sec. 87, of the Criminal Code) should be made with the trustee of the jury fund, where the clerk of the circuit court, in good faith received the deposit and the defendant was discharged from custody, the fund will be considered as held by the clerk as the agent of the person depositing the money, and when paid by him to the trustee of the jury fund, it was equivalent to the payment by the party to the trustee of the jury fund himself; and upon the failure of the defendant to appear when the case was called the money was properly forfeited to the Commonwealth.

2. SAME.—The money having been deposited for the defendant by another, that other did not become surety on any bail-bond; and the issual of the summons and proceedings against him as surety were a nullity. The fund already having been forfeited to the State by a judgment of the court, the county attorney who was in office at the time of the forfeiture, and present and assisting in the prosecution, was entitled to the per cent. of the forfeiture allowed by law, and one who subsequently became county attorney and procured the judgment against the depositor of the fund was entitled to no part of it.

McMILLAN & TALBOTT FOR APPELLANT.

1. It is not claimed that Lyle really acted as county attorney in having the forfeiture made, but that Ashbrook acted for him, and it is alleged and not denied that Ashbrook was never appointed county attorney pro tem. Under the statute the county attorney who is present and assisting in the prosecution gets the per cent. allowed by law of judgments in favor of the Commonwealth, and the fact that a previous county attorney may have rendered services in the same prosecution is not a hardship upon him, for he in turn has received fruits of his predecessor's unfinished prosecutions. Bryant v. Commonwealth, 3 Bush, 9; Stone v. Riddle, 5 Bush, 350; Ashlock v. Commonwealth, 7 B. M., 44; Commonwealth v. Morgan, 14 B. M., 92; Commonwealth v. Spraggins, 18 B. M., 512.

2. The record shows that Horsford deposited the money for Scrib-
ner as his surety, and proceedings were regularly instituted
and prosecuted against him as such surety, on the idea that
the $2,000 was not in the custody of the trustee of the jury
fund, but held by the clerk for Horsford.

G. C. LOCKHART FOR APPELLEES.

1. Horsford who deposited the money is not complaining; but if he
was, it could be said on the behalf of the Commonwealth, that
he was acting for the defendant in depositing the money, and
that the defendant would not be heard to complain of the for-
feiture. Dean v. Commonwealth, 1 Bush, 20.
2. There is no warrant of law for one becoming the surety for the
appearance of the defendant in a prosecution by the deposit
of money in lieu of bail.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

Daniel Scribner was indicted by the grand jury of the
Bourbon Circuit Court at its March term, 1893, for a felony,
and bail was fixed by the judge of said court at $2,000. The
defendant, Scribner, being then in the custody of the jailer
of Bourbon county, on the 10th of June following, Horsford
deposited $2,000 in lieu of bail with the clerk of the Bourbon
Circuit Court for the release of Scribner. The clerk received
the deposit in good faith, believing he had authority, as
clerk, to do so; issued certificate discharging Scribner from
custody; and the jailer, upon said certificate of the clerk, did
discharge Scribner from custody; and, Scribner failing to
appear when the case was called for trial on June 13, 1893,
an order forfeiting the bail was entered in words as follows:
"The defendant, Daniel Scribner, alias Richard Roe, being
called, and failing to appear in discharge of bail, it is ordered
that the same be forfeited, and that summons issue against
his surety, L. N. Horsford, to show cause, if any he can, why
judgment shall not be rendered against him for the sum of

$2,000 deposited by him with the clerk of this court in lieu of defendant's bail bond." On June 16, 1893, the clerk turned over to the trustee of the jury fund the $2,000 deposited in lieu of bail, at the suggestion of the circuit judge. At the November term of court the appearance of Horsford was entered, and a judgment by default went against him for $2,000. Appellee Lyle was county attorney of Bourbon county at the time of forfeiture, and prior to the 13th of November, 1893, the appellant, Ansparger, was elected county attorney of said county at the November election, 1893, and he qualified as such November 13, 1893. Upon the certificate of the trustee of the jury fund, the auditor, L. C. Norman, paid 25 per cent. of the forfeiture to Lyle and Ashbrook, Ashbrook being the assistant of Lyle as county attorney. The auditor had notice at the time of the payment to Lyle and Ashbrook of the claim of Ansparger to the per cent. due the county attorney on said forfeiture. The appellant sued the auditor to compel the payment of the money to him, claiming the money by reason of the judgment rendered against Horsford at the November term, 1893, after he became county attorney. The appellees, who were permitted to make defense, contend that, by the orders of the circuit court forfeiting the bail, the money deposited in lieu thereof vested in the State of Kentucky, and, this forfeiture having been taken at the June term, 1893, the appellant has no interest in it. By section 87, Criminal Code, when a defendant is admitted to bail in a specified sum, he may deposit that sum with the trustee of the jury fund, and be discharged from custody. By section 97, if money be deposited in lieu of bail, after forfeiture of it and final adjournment of

the court, the trustee shall enter the sum to the credit of the jury fund. The circuit clerk having the right to take bond after the court adjourns when the bail is fixed on the indictment, and having received money in lieu of bail, the same must be considered as held by the clerk as the agent of the party depositing the money; and, when paid to the trustee of the jury fund, it amounted to the same as if it had been paid by the party to the trustee of the jury fund himself; and, upon the defendant failing to appear, the money could be properly forfeited to the commonwealth (Dean v. Commonwealth, 1 Bush, 20). Although the certificate of the deposit of the money in lieu of bail should have come from the trustee of the jury fund, yet the defendant was released by the jailer, on the certificate of the clerk, from custody. No bond was executed by Scribner in this case, nor did Horsford become security on any bail bond, hence the issual of the summons and proceedings against Horsford were a nullity, and could not affect the $2,000, because it had already been forfeited to the State by judgment of the court. Holding that the money vested in the Commonwealth by the order of forfeiture of it, the county attorney in office at that time, present and assisting in the prosecution, would be entitled to the per cent. of the forfeiture allowed by law.

The judgment of the circuit court is affirmed.