## Commonwealth v. Brown.

(Decided March 28, 1924.)

### Appeal from Shelby Circuit Court.

1. Criminal Law—Judgment of Acquittal Final.—A judgment of acquittal is final, and cannot be reviewed on appeal by the Commonwealth.

2. Criminal Law—Entire Judgment Including Forfeiture of Bail Held Appealed.—Where a conviction for crime and forfeiture of cash bail were both adjudged at the same time and in the same judgment, and defendant procured and filed in the circuit court copies of the entire judgment and the warrant, and executed bond, etc., in the manner prescribed by Criminal Code of Practice, sections 364, 369, the entire judgment was appealed to the circuit court, though defendant did not supersede the judgment under section 364, and

he had the right to have tried anew every matter adjudged against him as provided in section 366.

3. Bail—Court Held to Err in Not Adjudging Forfeiture of Cash Bail. —Regardless of whether or not defendant was guilty or properly arrested, where he gave cash bail for his appearance for trial, and failed to appear, county court properly forfeited bail, and circuit court on appeal had no valid ground in annulling the forfeiture, where his nonappearance was willful.

THOS. B. McGREGOR, Attorney General, EDWARD L. ALLEN, Assistant Attorney General, H. B. KINSOLVING, JR., and C. G. BAR-RICKMAN, for appellant.

E. B. BEARD and WILLIS, TODD & WILLIS for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Upon December 16, 1922, the appellee and one Brashear were halted just after they had passed through Shelbyville on the pike leading to Louisville, by the deputy sheriff of Shelby county, and informed by him that he had information the truck they were driving had something in it besides tobacco, with which alone it appeared to be loaded. The officer told them he did not have a search warrant, but that unless they consented to a search of the truck, they would have to go back to town with him until he could get a search warrant. They thereupon acknowledged they had 400 gallons of "red whiskey" concealed under the tobacco, and pleaded with the officer to let them proceed on their way with it, claiming they were hauling it for a "revenue officer in Louisville."

Upon this confession, and before a search of the truck, Brown and Brashear were arrested and placed in jail upon a charge of illegally transporting intoxicating liquor. The truck was then searched, 400 gallons of whiskey in kegs was found concealed under the tobacco, and Brown was taken before the county judge, who fixed his bail at $500.00 and set the case for trial on December 27th. Thereupon Brown deposited $500.00 cash bail to appear on December 27th in the quarterly court and answer the charge preferred against him, of unlawfully transporting whiskey. Failing to appear, his bail was forfeited, and he was tried, convicted, and his punishment fixed at $300.00 and 60 days in jail.

On February 1st, 1923, he was arrested in Louisville on a capias issued on the quarterly court judgment of fine and imprisonment, brought back to Shelbyville and placed

in jail to serve his sentence. He then procured a copy of the judgment, and filed same together with an appeal bond in the circuit clerk's office.

On the first day of the succeeding term of circuit court, the county judge reported the $500.00 collected on the judgment of forfeiture, and paid same to the trustee of the jury fund, as required by law.

Thereafter, upon call of the case in the circuit court for trial, Brown plead not guilty, and a jury was sworn. At the completion of the evidence for the Commonwealth, which in substance was as detailed above, defendant moved to exclude all of the evidence for the Commonwealth which had been admitted over his objections and exceptions, and to direct his acquittal. The court excluded the evidence, and not only adjudged defendant not guilty of transporting liquor as charged in the warrant, but also annulled the county court judgment forfeiting the cash bail deposited by him for his appearance therein, and directed the trustee of the jury fund to repay the $500.00 to him.

The judgment of acquittal is final, and this appeal by the Commonwealth only questions so much of the judgment as annuls the forfeiture of the cash bail, and orders its repayment to the defendant.

It is first contended the quarterly court judgment of forfeiture was not included in the appeal to the circuit court, and that as a consequence the latter court had no jurisdiction of that matter. Both matters however were adjudged at the same time and in the same judgment. Defendant procured and filed in the circuit court copies of the entire judgment and the warrant, together with the statement of costs, and executed bond with approved security to pay the costs of the appeal in the event of an affirmance of the judgment, in the manner prescribed by section 364, and within the time allowed by section 369 of the Criminal Code.

It follows therefore that the entire judgment of the quarterly court was appealed to the circuit court. The fact that defendant did not supersede that judgment, or any part of it, as under section 364 he might have done, is wholly immaterial, and did not affect his right to have tried anew every matter adjudged against him in the judgment from which he was appealing, as is provided in section 366 of the Code.

But even so, and assuming defendant's acquittal was proper, as upon this appeal we must, there is yet no possible ground upon which the circuit court's action, in setting aside the judgment of forfeiture and ordering repayment of the $500.00 to defendant, can be sustained. Regardless of whether or not defendant was guilty or properly arrested, he was in a court having jurisdiction of the charge preferred against him, and gave bail for his appearance therein for trial, and, when he failed to appear, the judgment forfeiting the bail bond was warranted. Little v. Commonwealth, 3 Bush 22; Commonwealth v. Rowland, 4 Metc. 225; Arnsparger v. Norman, etc., 101 Ky. 208, 40 S. W. 574.

As defendant, after depositing the cash bail for his appearance in the quarterly court, did not appear for the trial, or even return to the county until apprehended and brought there upon a capias issued on the judgment against him, it is apparent his violation of his bond was willful, and the court clearly erred in not adjudging a forfeiture thereof.

Wherefore the judgment ordering a return of the $500.00 to him is reversed, and the cause remanded for proceedings consistent herewith.