DONALD YOUNG and ELSIE MAE YOUNG v. FRANK STOUT-AMIRE, as Sheriff of Leon County.

180 So. 31.
Opinion Filed March 29, 1938.

*Rinehart & Carroll* and *Whitfield & Whitfield,* for Claimant, Carl G. Sander.

*Julius F. Parker, contra.*

Per Curiam.—In these habeas corpus proceedings, instituted separately by Donald Young and Elsie Mae Young in this court and thereafter consolidated and considered and decided together, this court has heretofore rendered a decision upholding the validity of the Governor's warrant of extradition under which the petitioners here being held in custody and made an order remanding the petitioners to the custody of the respondent Sheriff. In said habeas corpus proceeding, this court made an order authorizing said sheriff to release the petitioners from custody provided they made a bond in the sum of $2279.00. conditioned that said petitioners should be present and attend upon this court from day to day and abide by such future orders or judgment as this court should enter herein; said bond to be approved by the Clerk of this Court. Pursuant to said order the said Donald Young and Elsie Mae Young made a cash bond and deposited with Sheriff Stoutamire the sum of $2279.00, which it seems was transferred to him by a check from the Sheriff of Dade County, Florida, with whom the petitioners had made a similar cash bond to secure their appearance before the Governor in the extradition proceeding, and executed a bond secured by said cash deposited with the respondent sheriff as the sheriff of this court in the habeas corpus proceeding pending in this court, which bond provided in effect that if the said

Donald Young and Elsie Mae Young would appear in this court to abide its decision in said proceeding, the said sum of money which had thus been placed in the possession of said sheriff, should be paid over by him to William J. Pruitt and Julius F. Parker, the attorneys of record for said Youngs in such habeas corpus proceedings, or to either of said attorneys. When this court made its order aforesaid, remanding said petitioners to the custody of said sheriff, the said Donald 'Young and Elsie Mae Young appeared and fulfilled the condition of said bond by surrendering themselves into the custody of said sheriff, and it appears that they were by said sheriff delivered thereafter to an agent of the State of Indiana under said Governor's warrant of extradition, which this court had held to be valid, but in said judgment above referred to, this court did not make any order as to the disposition of said fund which had been deposited to the credit of said sheriff as aforesaid.

In a certiorari proceeding growing out of said habeas corpus proceeding, this court has rendered an opinion and decision holding that said fund which had thus been turned over to said sheriff as a cash bond for the appearance of said Youngs remained *in custodia legis* in the hands of the Sheriff of Leon County as the Sheriff of this Court, and would continue in such status until disposed of by an order of this Court, and this Court accordingly quashed the order of the Circuit Court for Leon County attempting to control the disposition of said fund.

While said certiorari proceeding was pending a petition was filed in said certiorari proceeding in this court by Carl G. Sander of Marion County, Indiana, in which he claims that the fund now held *in custodia legis* by said sheriff is owned or claimed in whole or in part by said petitioner and asking that his rights and interest in and to said sum of money be adjudicated.

In the certiorari proceeding, it was also alleged that $200.00 of said amount put up as a cash bond had been furnished by a bondsman in the City of Miami, and it was also alleged that the attorneys of record for the Youngs, Messrs. William J. Pruitt and Julius F. Parker, have a lien upon this fund for their attorneys' fees for services rendered by them to the Youngs in said habeas corpus proceedings in this court. It also was alleged that the fund thus deposited with the sheriff of this court as a cash bond was not the identical money which is alleged in the petition of said Carl G. Sander to have been taken by the Youngs from him in the State of Indiana, by trick, scheme or conspiracy.

The general rule seems to be that when money is deposited in lieu of bail, except where otherwise authorized by statute, such cash deposit can be returned to no other person than the defendant, even though deposited by a third person. 6 C. J.·915. One of the reasons for so holding, is that the court will decline to pass upon the rights of outside claimants, where it is bound by express language of the statute to order a return of the money to the defendant; and in one of the cases, the court, in denying the motion of a third party who stated that the money was his money and that it was advanced by him to the defendant for the deposit until bail could be found, the court in denying the motion said in effect that even if the money at the time of being deposited with the sheriff belonged to such third person, it became the property of the defendant by the deposit; that it was loaned money and that loaned money was the property of the loanee. Salter v. Weiner, 6 Abb. Pr. (N. Y.) 191. On the other hand, in one of the cases cited in Corpus Juris, Nunn v. Powell, 1 Smith 13, it was held that the money should be repaid to the person who actually deposited it and to whom in fact it belonged.

In our statute governing habeas corpus proceedings, Section 5435 C. G. L., it is said:

"In all cases where it shall appear necessary, the court or judge granting the writ shall previously require bond, payable to the Governor, with sufficient security, executed in such manner and in such reasonable penalty as such court, Justice or judge shall prescribe, conditioned for the payment of such charges and costs as may be awarded against the prisoner, and that he will not escape by the way. Such bond shall be filed with the papers in the case, and may be sued on in the name of the Governor for the benefit of any person interested therein. In the event of inablity to give bond for the payment of charges and costs, he may be permitted, in lieu thereof, to make deposit in such amount as the court, Justice or judge may require."

And Section 8334 C. G. L. in the Chapter relating to commitment and bail, reads as follows:

"All committing magistrates, sheriffs, judges and all officers having authority to accept appearance bonds, are hereby authorized to accept cash bonds in all criminal cases. All moneys received as cash bonds under the provisions of this section shall be, by said officers, deposited in some bank to the credit of such officer as trustee for the State and defendant. If the bond shall be estreated, the money shall be immediately paid into the county treasury according to the condition of the said bond, *or returned to the defendant if he shall comply with the condition of such bond."* (Italics supplied.)

Inasmuch as the cash bond which was made by the Youngs in this habeas corpus proceeding provided that if the said Youngs would appear in this court to abide its decision in said habeas corpus proceedings, thus fulfilling the condition of the bond, the said sum of money which had thus been placed in the possession of the sheriff of this

court should then be paid over by said sheriff to William J. Pruitt and Julius F. Parker, the Attorneys of Record for said Youngs, or to either of them, and inasmuch as our statute above referred to, 8334 C. G .L. provides that money received as cash bond shall be returned to the defendant if he complied with the condition of said bond, it is our conclusion that these moneys should be paid over by said sheriff to William J. Pruitt and Julius F. Parker, as the Attorneys of Record for said Youngs, as directed in the bond thus made by said Youngs; it not being incumbent upon this court, nor authorized by law, that this court should try in this habeas corpus proceeding the collateral claims of persons not parties to said proceeding with respect to said fund. The money having been put up by the Youngs as a cash bond, and the condition of the bond having been fulfilled, that term of the bond requiring that the money should be turned over to the attorneys of record for the Youngs upon the fulfillment of the bond should likewise be fulfilled. It is therefore ordered and adjudged that the said Frank Stoutamire, Sheriff of Leon County, and Sheriff of this Court, pay over the said sum of $2279.00, thus deposited with him and now in his custody, to the said William J. Pruitt and Julius F. Parker, Attorneys of Record for Donald Young and Elsie Mae Young, or either of them, as provided in said bond.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN, BUFORD, and CHAPMAN, J. J., concur.