STATE OF MAINE

*vs.*

MARY ALTONE ET AL., ALFRED WINICK, PETITIONER.

Cumberland.    Opinion, February 5, 1944.

*Richard Chapman*, County Attorney, for the State.

*Max L. Pinansky*, for the petitioner.

SITTING: STURGIS, C.J., THAXTER, HUDSON, MANSER, MURCHIE, JJ.

CHAPMAN, J. did not participate.

THAXTER, J.   October 20, 1942 the respondent, Mary Altone, was arraigned in the Municipal Court for the City of Portland charged with the larceny of property of the value of more than one hundred dollars. She was ordered to recognize in the sum of $3,000.00 for her appearance at the January Term of the Superior Court sitting within and for the County of Cumberland. The petitioner, Alfred Winick, deposited with the Clerk of the Superior Court $3,000.00 in cash as bail for her appearance as ordered. At the time she was under indictment in the State of New York for the crime of grand larceny in the second degree. She was convicted on this indictment on November 13, 1942 of the crime of petty larceny and was imprisoned in the penitentiary of the County of Kings in the State of New York. She was serving this sentence at the time of the session of the January Term of the Superior Court here to which she was ordered to recognize.

The petitioner represented to the Justice of the Superior Court sitting at the January Term that because of the imprisonment of the said respondent in the State of New York he was unable to produce her in court in this jurisdiction. He expressed his intention to bring her here to answer the charge in the indictment returned against her when she should be released from confinement in New York. He prayed that the cash bail be returned to him. The petition was denied and the bail was ordered defaulted and turned over to the county

treasurer. The case is before us on the petitioner's exceptions to these rulings and to the exclusion and to the admission of certain evidence.

In the first place we should call attention to the fact that the petitioner had no standing before the court to which he addressed his petition. Under the terms of the applicable statute, Rev. Stat. 1930, Chap. 145, Secs. 28-31, money deposited as bail is regarded as belonging to the respondent, and in this instance, had the conditions of the recognizance been fulfilled, could have been returned only to the respondent or to a third person on her order. This is clearly the meaning of our statute and such has been the interpretation of analogous statutes by courts in other jurisdictions. *Jacobson* v. *Hahn,* 14 F. (Supp.) 339 (D. C. N. D. N. Y. 1936); *U. S.* v. *Werner,* 47 F.(2d) 351 (D. C. N. D. Okla. 1931); *U. S.* v. *Widen et al.,* 38 F. (2d) 517 (D. C. N. D. Ill. 1930); *Young* v. *Stoutamire,* 131 Fla., 834, 180 So., 31; *State* v. *Friend,* 212 Ia., 136, 236 N. W., 20; *Arnsparger* v. *Norman,* 101 Ky., 208, 40 S. W., 574; *People ex rel. Kopp* v. *French,* 102 N. Y., 583, 7 N. E., 913; *Whiteaker* v. *State,* 31 Okla., 65, 119 P., 1003; *Rosentreter* v. *Clackamas* County, 127 Ore., 531, 273 P., 326; *State ex rel. Glidden* v. *Fowler,* 192 Wis., 151, 212 N. W., 263; 6 Am. Jur., 77; 8 C. J. S. P. 108. The petitioner was not a surety who had assumed any obligation to have his principal before the court, and consequently had no right to take the body of the respondent and deliver her either to the court or to the jailer as he said in his petition he would do when she should be discharged from imprisonment in New York. So far as these proceedings go, he is an outsider. In this connection the case of *Arnsparger* v. *Norman, supra,* is peculiarly in point. Cash bail was deposited by a third person for a respondent who failed to appear and was defaulted. The Kentucky code provided that money deposited in lieu of bail should, after forfeiture and final adjournment of court, be entered to the credit of the jury fund and this procedure was followed. At a subsequent term of court

a judgment was obtained for the amount of the bail against the so called surety who had deposited the money. The case holds that this judgment was a nullity because in accordance with the statute the money was forfeited to the state as the money of the respondent and no proceeding against the one who advanced it was necessary or in fact authorized.

These observations would seem to dispose of the case. With respect to the argument of counsel that the court had no right to order the forfeiture of bail in this instance, we will, however, say that the general rule is that it is not an abuse of discretion on the part of a court to order forfeiture of bail even though the failure of a respondent to appear is due to his imprisonment in another jurisdiction for an offense committed there. *Taylor* v. *Taintor*, 16 Wall. ( U. S.) 366, 21 L. Ed., 287; *Cain* v. *State*, 55 Ala., 170; *State* v. *Horn*, 70 Mo., 466, 35 Am. Rep., 437; *King* v. *State*, 18 Neb., 375, 25 N. W., 519; *State* v. *Eller*, (1940), 11 S. E. (2d), 295, 218 N. C., 365; *Ricks* v. *State*, 189 Okla., 598, 119 P. (2d), 51; *Devine* v. *State* (Tenn.), 5 Sneed, 623; cf. *State* v. *Burnham*, 44 Me., 278; 6 Am. Jur., 103.

The instant case is entirely different from *State* v. *Parent*, 132 Me., 433, 172 A., 442, which hold that sureties are not liable for failure to produce a respondent in court in accordance with the terms of the recognizance, when such failure is due to the act of the state itself which is the obligee in the recognizance.

*Exceptions overruled.*