PER CURIAM.
The order appealed was entered subsequent to a final decree, but inasmuch as it was entered for the purpose of adjudicating rights which purportedly arose after the final decree, it is here treated as a full appeal. On November 2, 1964, the chancellor entered a final decree in which he attempted to settle claims and counter-claims which had been the subject of two separate suits before him. This decree was not appealed, and each party is now bound by its provisions. As a part of this final decree the chancellor provided as follows:
“8. All assets and liabilities of Bonded Motors, Inc. now or hereafter existing shall be divided equally between CHARLES KUSENS and WILBUR JOPIANNESBURG.
“9. The Court has been advised that there is a sale pending for the .sum of Twenty-Two Thousand and No/100 ($22,000.00) less commissions, ■of the real estate located at 163rd Street, fifty (50%) per cent interest of which is held by CHARLES KUS-ENS and LOIS KUSENS, his wife, and fifty (50%) per cent interest which is held by WILBUR JOHANNESBURG, a single man, which sale is to he confirmed by the parties on or before the 3rd day of November, 1964, or in the alternative, the parties may purchase the same individually, for a sum not less than Twenty-Two Thousand and Five Hundred and No/100 ($22,500.00) Dollars, all cash at the time of closing in accordance with the following directions as to the disposition of the proceeds of the-said sale:
(a) Pay off the existing first mortgage including all interest charges.
(b) To pay all taxes which have been assessed against the said property.
(c) Pay all closing costs in connection with the said sale.
(d) Pay off the second mortgage held by David Johannesburg in the face amount of Five Thousand and No/100 ($5,000.00) Dollars, without interest.
(e) Pay to STANLEY CAIDIN, ESQ. the sum of Two Thousand, Five Hundred and No/100 ($2,500.-00) and to WILLIAM T. KRUG-LAK, II, ESQ. the sum of Two Thousand, Five Hundred and No/100 ($2,500.00) Dollars as and for professional services rendered in this cause and the said attorneys shall have an Attorney’s Lien against the proceeds of the said sale for the said sums.
(f) The respective attorneys shall calculate the Court costs, including depositions, filing fees, subpoena fees, sheriff’s service of process fees and any other costs and their respective clients shall divide the total of the said costs equally.
(g) The balance of the proceeds remaining from the sale shall be divided fifty (50%) per cent thereof to CHARLES KUSENS and LOIS KUSENS, his wife, and fifty (50%) per cent thereof to WILBUR JOHANNESBURG.
(h) The Court recommends that the parties hereto make earnest ef *470 forts to settle and dispose of the sums owed one to the other by the judgments entered herein and execution under the said judgments is hereby stayed for a period of thirty (30) days from the date hereof.
(i) WILLIAM T. KURGLAK, II, ESQ. is hereby designated Escrow Holder of the proceeds of the sale of the premises at 163rd Street, and shall disburse the said proceeds in accordance with the foregoing instructions.
"10. All other claims raised in these causes whether by the Plaintiff’s Complaint or the Defendant’s Counterclaim have been considered by the Court and the same are hereby denied.”
After the final decree was entered, the anticipated closing for the sale of the property for which Attorney Kruglak was appointed “escrow holder” was delayed. After the expiration of the thirty-day period during which the chancellor had stayed execution under the various judgments, one of the parties, David Johannesburg, attempted to secure an advantage by procuring the issuance of a writ of garnishment directed to Attorney Kruglak for the debt due from Charles Kusens and Wilbur Johannesburg to David Johannesburg. The writ was issued and served. Appellants, Charles Kusens and Lois Kusens, his wife, moved to quash the-writ. After hearing, the court held the writ valid and directed a redistribution of the assets in accordance with the writ. This last order is before us on this appeal.
The practical effect of the operation of the writ was to secure for David Johannesburg a position superior to that set forth in the final decree of the court. The appellants and the appellees had, through their attorneys, actively engaged in the attempts to obtain the consummation of the sale and the payment of the proceeds pursuant to the court’s decree. It is unfortunate that they did not secure-an order extending the stay provided in the final decree. Nevertheless, we believe that it is the sense of the decree that the funds realized by the sale at the-direction of the court should be disbursed! in accordance with the terms of the decree. To that end, the court appointed Attorney Kruglak as “escrow holder.” As-such, he was, under the terms of the decree, an officer of the court to collect,, hold, and subsequently disburse the funds-realized from the sale of the property in accordance with the terms of the final' decree.
Upon this basis, we hold that the money-in the hands of Attorney Kruglak as escrow holder was, under the terms of this particular decree, in “custodia legis” and as-such, was not subject to garnishment. See Young v. Stoutamire, 131 Fla. 535, 179 So. 797 (1938); Abramson v. Brant, Fla. App.1962, 141 So.2d 777; 6 Am.Jur.2d Attachment & Garnishment, § 196, and. cases cited therein. To hold otherwise,, would allow the appellee, a party to the-prior action, to frustrate the purpose and intent of the prior decree. Cf. Bankers” Mortgage Co. of Topeka, Kansas v. McComb, 60 F.2d 218 (10th Cir. 1932).
We have considered the other points presented by the appellants and find that each' of them either does not present reversible error or is rendered moot by our holding on. this appeal.
We hold that the chancellor erroneously found that the writ of garnishment was-valid. The order appealed is reversed, and this cause is remanded for the entry of' an order directing the disbursement of the funds held by the escrow holder in accordance with the terms of the final decree [1] entered November 2, 1964.
Reversed and remanded.

. On November 24, 1964, the chancellor entered an order clarifying paragraphs 5 and 6 of the final decree, hut said paragraphs do not affect the disbursement. of the funds in question.