BARKDULL, Judge!
By this appeal we are called upon to determine whether funds, on deposit in the registry of the circuit court, are subject to a writ of garnishment issued from the Civil Court of Record.
The record on appeal reveals the following: That in a chancery proceeding lately pending in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, a party therein [U.S. 1-163rd Street Corp.] deposited certain funds in the registry of the court. Subsequent to a final decree in this chancery matter, the chancellor entered an order directing the clerk of the’ circuit court to return *302 these funds in the registry of the court to U.S. l-163rd Street Corp.[1] Before the funds could be disbursed, the clerk of the circuit court was served with a writ of garnishment issued out of the civil court of record to aid a judgment creditor in collecting a judgment in said court rendered against U.S. l-163rd Street Corp. Subsequent to appropriate pleadings filed by the clerk of the circuit court in the garnishment proceedings, the trial judge entered a final judgment in garnishment against the clerk of the circuit court, and this appeal ensued. We find error and reverse.
As a general proposition, funds in custodia legis are not garnishable. See: Kusens v. Johannesburg, Fla.App.1966, 182 So.2d 468; 3 Fla.Jur., Attachment and Garnishment, § 47; 6 Am.Jur.2d, Attachment and Garnishment, § 196, and cases cited therein. The appellee puts great stress on two opinions of the supreme court of this State, to wit: Young v. Stoutamire, 131 Fla. 535, 179 So. 797; Young v. Stoutamire, 131 Fla. 834, 180 So. 31. We find these not applicable in the instant case, for the following reasons: First, these two latter cases refer to proceedings in the trial court in which the funds were placed in custodia legis, whereas in the instant case a trial court other than that in whose registry the funds were placed is attempting to direct their disposition. Second, the Clerk of the circuit court is merely a ministerial officer of the court. See: State ex rel. Druissi v. Almand, Fla.1954, 75 So.2d 905; Pan American World Airways, Inc. v. Gregory, Fla.App.1957, 96 So.2d 669. He was under an order of the circuit court directing him to deliver these funds to U.S. 1-163rd Street Corp., and if he complied with the order of the civil court of record he might be subject to contempt proceedings in the circuit court.
No sympathy is found with the efforts by the judgment debtor to escape its lawful obligations, but it would appear that the judgment creditor could seek appropriate relief either through an intervention in the chancery proceedings or through an independent suit in the circuit court in the nature of a creditor’s bill. See: 8 Fla. Jur., Creditors Suits.
Therefore, the final judgment in garnishment be and the same is hereby reversed.
Reversed.

. * * * * *
“ORDERED, ADJUDGED and DECREED, that the Clerk of the Court is ordered to disburse the funds heretofore deposited in the registry of the court by the Defendant, after deducting all costs and fees. That the form of the check shall be made payable to U S 1-1C3RD STREET CORP.”
♦ * * * *