Arthur C. Aulisi, J.
Petitioner instituted this proceeding by an order to show cause seeking to annul the determination of the respondent in denying petitioner a building permit, and directing respondent to issue said permit for the construction of a structure on the subject property in accordance with the plans and specifications submitted by petitioner.
The facts are not in dispute. The only issue presented is one of law. Accordingly, this court has jurisdiction to hear and determine the matter without transferring it to the Appellate Division pursuant to CPLR 7804 (subd. [g]).
The facts giving rise to this proceeding are as follows: Petitioner is the tenant under a written lease of certain premises with buildings thereon located at 3422-3434 State Street, known as the “ Woodlawn Body Shop ”, and situated between the north side of Albany Street and the south side of State Street in the Town of Niskayuna, Schenectady County, New York. Said premises are zoned under section 3.8 (Service Center District) of the Town of Niskayuna Zoning Ordinance which provides, among other uses, as follows: “ In the Service Center District no building or structure shall be erected, altered or extended and no land, building or structure or part thereof shall be used for other than one or more of the following uses * * * Baking, Bottling and other Food and Drink Processing Plants ”.
On April 11,1970, petitioner applied for a permit to construct a building upon the leased premises to carry ona“ take-out ’ ’ chicken business. Respondent issued the permit applied for, but some two hours later he revoked it stating that same had been erroneously issued in that section 3.8 of the zoning ordinance did not permit the use to which the petitioner planned to make of the proposed building.
*755 The sole issue presented is whether or not the operation which petitioner would conduct on the premises constitutes a “ food processing plant ” within the meaning of the ordinance, whose language does not define what is meant by food processing plant. The uncontradicted proof reveals that petitioner purchases chickens in the shell (without heads, necks, feet or innards); that these raw chickens are stored at petitioner’s commissary in Latham, New York, where each chicken is cut into nine pieces and sent, as needed, to petitioner’s six places of business in the capital district where the parts of said raw chickens are seasoned, fried and packaged for sale for off-premises consumption. In brief, petitioner’s operation consists of taking the shell of a chicken from a raw, unbreaded and unseasoned stage and changing it to a seasoned, cooked and packaged product. There is no smell or odor of any kind outside of the building and there are no public facilities such as lavatory, telephone, drinking water, etc. in the building or on the premises.
Petitioner contends that the proposed business is a food proccessing operation involving a retail sale of a packaged product, for off-premises consumption and that said operation is permissible under section 3.8 (Service Center District) of the zoning ordinance. Respondent claims that the proposed use of the building amounts to conducting a restaurant business which, he argues, is not permitted under the ordinance. He further avers that the 1 ‘ food processing plants ’ ’ permitted by the ordinance refer to such processing plants as Coca-Cola bottling works and the Beech-Nut plant in Canajoharie.
I fail to perceive the distinction urged by the respondent. 11 Processing ” is a flexible term and has a great variety of meanings. It is defined, among others, as meaning a course of action, operation or method of treatment in the business of preparing and converting a commodity into marketable form. (72 C. J. ¡3., pp. 976, 977.)
Zoning laws affect the extent to which a person may use his property. Thus, being in derogation of common-law rights, such laws must be strictly construed in favor of the property owner, and unless the intent of the ordinance is clearly to be found in the language used, its provisions should not be extended by implication. (City of Buffalo v. Roadway Tr. Co., 303 N. Y. 453; Matter of Monument Garage Corp. v. Levy, 266 N. Y. 339.)
The imposition of reasonable restrictions by a zoning ordinance can find justification only in the promotion of public health, safety, welfare and good order to the end that public convenience and general prosperity may be attained. (Matter of 440 E. *756 102nd St. Corp. v. Murdock, 285 N. Y. 298, 304.) No such justification can be found in the instant case where the permitted uses include “ automobile repair, body work, cleaning and painting * * * cleaning and dyeing plants * * * building material storage yards * * * coal, coke and wood yards * * * public garages ” etc. Clearly, such permitted uses are of a lower or inferior grade than the one for which petitioner seeks a permit.
There is nothing in the record to indicate that petitioner’s proposed operation will change the character of the neighborhood or otherwise adversely affect the health, welfare or safety of the area. On the contrary, the proof indicates that the structure proposed to be erected on said premises would actually upgrade the area in that the building would be attractive in appearance and the business to be conducted thereon would be of a higher and more desirable nature than the above-mentioned uses permissible under the ordinance.
In view of the foregoing, I conclude that the proposed use of the premises is permitted under the ordinance, that respondent’s determination was erroneous and that petitioner should be granted the building permit.