Bernard Tomson, J.
This is an omnibus motion by the defendant
(1) to redact a portion of the indictment,
(2) to preclude the District Attorney from introducing evidence of the defendant’s arrest for violation of section 265.05 , of the Penal Law, and
(3) to preclude the District Attorney from using the defendant’s prior criminal conviction for impeachment, should the defendant testify.
The indictment accuses the defendant of the crime of assault in the second degree (Penal Law, § 120.05, subd. 3) committed as follows: “ The defendant, robert killian, on or about the 4th day of February, 1973, in the County of Nassau, State of New York, with intent to prevent a peace officer, Detective Eobert Edwards, a member of the Nassau County Police Department, from performing a lawful duty, to wit: the processing of the defendant for a violation of Section 265.05 of the Penal Law of tibe State of New York, the defendant kicked the said Detective Eobert Edwards in the stomach and right wrist causing contusions to the stomach and right wrist which necessitated medical treatment.”
The first and second parts of the omnibus motion seeking (1) to Redact that portion of the .indictment which makes reference to “ processing of the defendant for a violation of Section 265.05 *121 of the Penal Law ” and (2) to preclude the District Attorney from introducing evidence of the defendant’s arrest for violation of section 265.05 of the Penal Law, are denied. The indictment must contain a precise, factual statement that apprises the defendant of the conduct which is the subject of the accusation. (CPL 200.50, subd. 7.) The indictment would be defective if it merely stated that the defendant intended to prevent a peace officer from performing a lawful duty, without specifying the nature of the lawful duty. (People v. Cooper, 3 N. Y. Crim. Rep. 117; cf. People v. Barber, 74 Hun 368.)
The lawful duty that is referred to in the indictment is “ the processing of the defendant for a violation of Section 265.05 of the Penal Law ”. “ ‘ Processing ’ is a flexible term and has a great variety of meanings. It is defined, among others, as meaning a course of action, operation or method of treatment in the business of preparing and converting a commodity into marketable form ’ ’. (Matter of Salem Trader Rests. v. Reitfort, 63 Misc 2d 753, 755.) How flexible the term is may be judged from the fact that the last citation dealt with preparing chickens for sale while here we are concerned with preparing a defendant for arraignment.
Although the word has offensive implications when used in relation to human beings, neither the defendant nor the District Attorney has questioned the meaning of the term “ processing ”. It would appear that this term, in the context in which it appears in the indictment, is used to mean the procedures that are mandated under CPL article 160.
Subdivision 1 of CPL 160.10 requires ‘ ‘ the arresting or other appropriate police officer ” to fingerprint a person when he is arrested for a crime. The fingerprinting and photographing of the defendant here was a lawful duty imposed upon the detective complaint. (CPL 160.10, subds. 1, 3.)
If the indictment did not specify the particular lawful duty that was being performed, the indictment would not adequately charge the defendant with assault in the second degree. Although ordinarily reference in an indictment to an arrest would be improper, the nature of the crime charged here requires, as a sine qua non, that it be set forth as part of the “ plain and concise factual statement [that apprises] the defendant * * * of the conduct which is the subject of the accusation ” (CPL 200.50, subd. 7).
The third part of this omnibus motion is denied. In New York State, the defendant “ may be ‘ interrogated upon cross-exam *122 ination in regard to any vicious or criminal act of his life ’ that has a bearing on his credibility as a witness (People v. Sorge, 301 N. Y. 198, 200; cf. CPL 60.40, subd. 1; cf. People v. Gray, 41 A D 2d 125.)