324 So.2d 203 (1975)
Louis C. CORBIN, As County Court Judge, Division "C" in the County Court of Duval County, Florida, Appellant (Respondent, Judge),
v.
STATE of Florida ex rel. S. Morgan SLAUGHTER, Appellee (Petitioner, Clerk).
No. W-137.
District Court of Appeal of Florida, First District.
November 24, 1975.
Rehearing Denied January 16, 1976.
Robert L. Shevin, Atty. Gen., and Thomas A. Harris, Asst. Atty. Gen., for appellant.
Harry L. Shorstein, and William Lee Allen, Jacksonville, for appellee.
MILLS, Judge.
A County Court Judge appeals from a writ of prohibition rendered by the Circuit Court of Duval County prohibiting him from holding contempt proceedings against the Clerk of the County Court on the ground that the Judge did not have authority to issue the order with which the Clerk refused to comply. The question for determination *204 is whether a clerk may challenge the validity of a court's order purportedly issued in the performance of its judicial function. The answer is no.
The Judge, as Judge of Division "C" of the County Court of Duval County, issued an order directing the Clerk to furnish him with the names of the deputy clerks assigned to him within a specified time. The Clerk refused to comply. The Judge issued an order to show cause why the Clerk should not be held in contempt for failure to comply. The Clerk filed a petition for writ of prohibition with the Circuit Court alleging that the Judge did not have authority or jurisdiction to proceed further, and that he had no adequate remedy other than seeking prohibition. The Clerk contended that the Judge's order purported to adopt a local rule governing the County Court of Duval County which was prohibited by Rule 1.020, Rules of Civil Procedure. The Judge contended that his order was applicable to his division of the County Court only, and that the Clerk did not have standing to contest the validity of his order. The Circuit Court issued the writ and the Judge appealed.
The Clerk is merely a ministerial officer of the court. Leatherman v. Gimourginas, 192 So.2d 301 (Fla.App.3d, 1966). He does not exercise any discretion. Pan America World Airways v. Gregory, 96 So.2d 669 (Fla.App.3d, 1957). He has no authority to contest the validity of any act of the court for which he acts as clerk which purports to have been done in the performance of the court's judicial function. State v. Almand, 75 So.2d 905 (Fla. 1954).
The Judge's order directed the Clerk to perform a ministerial act, and was issued in the performance of the Court's judicial function. The Clerk has no authority to question the validity of the order by petition for writ of prohibition. Any question the Clerk had concerning the order should have been directed to the Chief Judge for resolution.
In addition, the writ of prohibition is an extraordinary writ which issues only when the party seeking it is without other adequate means of redress for the alleged wrong about to be inflicted by an act of the inferior court. It is never allowed to usurp the functions of an appeal. State v. Trammell, 140 Fla. 500, 192 So. 175 (1939).
Neither the petition for the writ nor the record before us shows sufficient grounds to divert the contempt proceeding from the regular channel of procedure by granting the writ of prohibition.
In view of the foregoing, it is unnecessary that we consider the other contentions raised by the parties.
Although unnecessary to this opinion and unsolicited by the parties, we feel compelled to make the following observation. Because our judicial system is under constant assault from many sources and for many reasons, some valid, some invalid; and because actions such as this one heap further criticism upon our judicial system, however good the intention of the parties, we suggest that the parties here, as well as those finding themselves in similar situations, hereafter strive to work out internal disputes with this thought in mind  will the action I take be beneficial to the efficient and economical administration of justice; will it help build a better judicial system.
Reversed and remanded with directions to quash the writ of prohibition, and to remand to Division "C" of the County Court for proceedings consistent herewith.
BOYER, C.J., and MELVIN, WOODROW M., Associate Judge, concur.