645 So.2d 1003 (1994)
TIMES PUBLISHING COMPANY, a Florida Corporation, d/b/a The St. Petersburg Times, Appellant,
v.
Richard AKE, as Clerk of the Circuit Court of Hillsborough County, Florida, Appellee.
No. 93-02436.
District Court of Appeal of Florida, Second District.
June 29, 1994.
Opinion Certifying Question on Denial of Rehearing September 23, 1994.
George K. Rahdert, Patricia Fields Anderson, and Alison M. Steele of Rahdert & Anderson, St. Petersburg, for appellant.
Leslie E. Joughin, III, of McWhirter, Reeves, McGlothlin, Davidson & Bakas, Tampa, for appellee.
PATTERSON, Judge.
Times Publishing Company (the Times) appeals from the trial court's final order which denies its claim for attorney's fees pursuant to the Public Records Act, chapter *1004 119, Florida Statutes (1991).[1] We affirm because chapter 119 does not apply to judicial records nor to the clerk of the circuit court in his capacity as the court's record keeper.[2]
On March 12, 1992, the Times made a demand, pursuant to chapter 119, on Richard Ake (the Clerk), as Clerk of the Circuit Court of Hillsborough County, for copies of magnetic computer tapes comprising the entire probate, guardianship, trust, and mental health database. The Times also demanded the entire Hillsborough County Criminal Justice Information database. The Clerk responded by instituting an action for declaratory relief. In count I, he sought a determination as to whether he was subject to chapter 119 in his capacity as the court's record keeper. Subsequent counts dealt with issues arising from copying and providing records maintained on computer tapes. The Times counterclaimed, seeking mandamus and injunctive relief. During the course of the litigation, the bulk of the information requested was furnished to the Times in an acceptable format. The Times withdrew its demand for additional information and the case was settled in all regards except the Times' claim for attorney's fees under section 119.12, Florida Statutes (1991). That section provides that attorney's fees shall be assessed against any agency which is found in a civil action to have unlawfully refused to permit a public record to be examined or copied. The trial court denied the claim for attorney's fees, finding that the Clerk's initial refusal was justified. The court did not reach the issue of whether chapter 119 applied to the Clerk as the court's record keeper.
Section 119.011(1), Florida Statutes (1991), defines "public records" as all material "regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency." In Locke v. Hawkes, 595 So.2d 32 (Fla. 1992), the supreme court held that the legislature was not an "agency" which is subject to the Public Records Act. See § 119.011(2), Fla. Stat. (1991). The court explained:
We find that the definition of agency in section 119.011, while not intended to apply to the legislature, was intended to apply to executive branch agencies and their officers and to local government entities and their officers; the definition applies particularly to those entities over which the legislature has some means of legislative control, including counties, municipalities, and school boards, and state agencies, bureaus, and commissions, and private business entities working for any of these public entitles and officials.
Likewise, the judiciary, as a coequal branch of government, is not an "agency" subject to the supervision or control by another coequal branch of government. See Chiles v. Children A, B, C, D, E, and F, 589 So.2d 260 (Fla. 1991). Thus, chapter 119 does not apply to the judiciary or judicial records.
The judiciary has the inherent power and duty to maintain its records and to determine the manner of access to those records. Johnson v. State, 336 So.2d 93 (Fla. 1976). The supreme court has exercised that power by enacting Florida Rule of Judicial Administration 2.051, which governs public access to the records of the judicial branch and its agencies. Rule 2.051 specifies which records are to be made public and the procedure for seeking review of a denial for access to such records. Nevertheless, the Times argued in the trial court that the Clerk, as a county constitutional officer, is subject to chapter 119 even though he maintains the judiciary's records. This argument is incorrect because of the unique dual capacity of the clerk's office.
The office of the clerk of the circuit court derives its powers and authority from two articles of the Florida Constitution. Article VIII, section 1(d), of the Florida Constitution provides that the clerk is a county officer who shall be "ex officio clerk of the *1005 board of county commissioners, auditor, recorder and custodian of all county funds." In the exercise of these nonjudicial duties, the clerk is an autonomous elected county officer not subject to the direction or control of the court. Article V, section 16, establishes the office of clerk of the circuit court within the judicial framework. That section further provides that the office may be divided into two offices by general or special law. Absent such division, the clerk must act in a dual capacity. See Alachua County v. Powers, 351 So.2d 32 (Fla. 1977). In the performance of his duties as the court's record keeper, the clerk is a ministerial officer of the court devoid of discretion. Corbin v. State ex rel. Slaughter, 324 So.2d 203 (Fla. 1st DCA 1975). The court has the inherent and exclusive constitutional authority over its agencies who act in its behalf. See The Florida Bar, 398 So.2d 446 (Fla. 1981). The clerk, when acting in the exercise of his duties derived from article V is acting as an arm of the court and, as such, is immune from the supervisory authority of the legislature. Thus, chapter 119 does not apply to the clerk in such capacity and the access to judicial records under his control is governed exclusively by rule 2.051.
Since the Clerk is not subject to chapter 119 with regard to judicial records, the trial court did not err in denying the Times' request for attorney's fees under the Act.
Affirmed.
PARKER, A.C.J., and BLUE, J., concur.

ON MOTION FOR REHEARING
We grant Times Publishing Company's motion for rehearing only to the extent that we add to our opinion issued June 29, 1994, the following certified question. The motion is otherwise denied.
We certify to the supreme court the following question which we determine to be of great public importance:
ARE THE COURT RECORDS MAINTAINED BY THE CLERK OF THE CIRCUIT COURT SUBJECT TO THE INSPECTION AND COPYING REQUIREMENTS OF CHAPTER 119 OF THE FLORIDA STATUTES?
PARKER, A.C.J., and BLUE, J., concur.
NOTES
[1] The Times also seeks review of a pretrial order denying its motion to dismiss the Clerk's declaratory relief action. Because the parties settled all issues in litigation except the matter of attorney's fees, that issue is not properly before us.
[2] This issue was argued extensively before the trial court, but did not form the basis of that court's ruling.