651 So.2d 1185 (1995)
In re AMENDMENTS TO RULE OF JUDICIAL ADMINISTRATION 2.051  PUBLIC ACCESS TO JUDICIAL RECORDS.
No. 83927.
Supreme Court of Florida.
March 23, 1995.
Gerald T. Wetherington, Chairperson, Miami, of the Study Committee on Confidentiality of Records of the Judicial Branch for Rule 2.051, Rules of Judicial Administration, for petitioner.
George K. Rahdert of Rahdert & Anderson, St. Petersburg, on behalf of Time Publishing Co.; Parker D. Thomson and Carol A. Licko of Thomson, Muraro, Razook & Hart, P.A., Miami, on behalf of the Florida Society of Newspaper Editors; and J.K. "Buddy" Irby, Clerk of the Circuit Court, Gainesville, responding.
OVERTON, Justice.
The Study Committee on Confidentiality of Records of the Judicial Branch (the Committee) has presented this Court with its proposed amendments and commentary to Florida Rule of Judicial Administration 2.051 (Public Access to Judicial Records). We have jurisdiction. Art. V, § 2(a), Fla. Const. We approve the proposed amendments and commentary as set forth in this opinion and the attached appendix.
Rule 2.051 was first adopted in 1992 to comply with the provisions of article I, section 24, of the Florida Constitution (Access to Public Records and Meetings). See In re Amendments to the Fla.R.Jud.Admin.  Public Access to Jud.Records, 608 So.2d 472, 472 (Fla. 1992). After the adoption of rule 2.051, this Court created and appointed a study committee to recommend modifications to the rule to assure proper access to judicial branch records. See In re Study Committee on Confidentiality of Records of the Judicial Branch, Admin.Ord. (Fla. Sept. 30, 1993).[1]
The Committee's initial recommendations were filed with the Court and published in The Florida Bar News, and interested parties were invited to submit comments. The *1186 Times Publishing Company, the Florida Society of Newspaper Editors, and the Clerk of the Circuit Court for the Eighth Circuit filed responses. After providing the Court with its initial recommendations, the Committee suggested two modifications to section (c)(9) as originally proposed. First, the Committee offered slightly different introductory language to (c)(9), and, second, the Committee suggested that the phrase "or proceeding" be deleted from the end of (c)(9)(D). In addition to these modifications, the Committee expressed its view during oral argument that a commentary to the rule would be helpful in interpreting and implementing its provisions. The Times Publishing Company concurred in this suggestion. We agreed with all of the Committee's proposals and tentatively approved the proposed rule by Court order. We also instructed the Committee to prepare an appropriate commentary and invited comments from all interested parties.
After the Committee filed its proposed commentary, Times Publishing Company filed a response in which it raised three points. First, it expressed concern about the rule's requirement that information might have to be reformatted to protect copyrighted material. Second, it believed the commentary should further interpret the application of the principles of Barron v. Florida Freedom Newspapers, Inc., 531 So.2d 113 (Fla. 1988), and Miami Herald Publishing Co. v. Lewis, 426 So.2d 1 (Fla. 1982), in the protection of certain rights of confidentiality. Third, it expressed its concern about the statement that the closing of court proceedings requires prior notice while the closing of court records does not. Times Publishing Company has suggested substitute language to address each of these concerns. We choose not to accept these suggestions because to do so could have fiscal ramifications and would, in part, require us to further interpret and either broaden or narrow multiple case law decisions of this Court in this rulemaking proceeding. We find that we should neither expand or narrow existing case law decisions in this proceeding at this time. For the present, we find that the commentary is proper.
During the course of this proceeding, the Court has become aware of the growing use of electronic mail ("e-mail") in the judicial branch. Further, there have been requests by media entities for judicial e-mail addresses. The absence of a uniform policy on how e-mail should be treated as a public record in the judicial branch is an issue we find that the Court, on its own motion, should directly address in the commentary to this rule in order to set forth preliminarily a basic policy concerning the use and maintenance of e-mail transmissions as public records.
E-mail is a new computer-based technology that the court system has only recently begun to use. E-mail has been defined as "electronic communication of text, data, or images `between a sender and designated recipient(s) by systems utilizing telecommunications links.'" Jt.Legis.Info.Tech'y Resource Comm., Electronic Records Access: Problems and Issues 60 (Jan. 1994) (on file at the Florida Legislative Library) (quoting D. Johnson and J. Podesta, Access to and Use and Disclosure of Electronic Mail on Company Computer Systems: A Tool Kit for Formulating Your Company's Policy 36 (Sept. 1991)). E-mail transmissions are quickly becoming a substitute for telephonic and printed communications, as well as a substitute for direct oral communications. E-mail is already being used as a communication device for various trial court functions during the course of trial as well as multiple appellate court functions. Many of these communications are sent between judges and their staffs. Further, it is clear that the definition of "judicial records" contained in proposed rule 2.051(b) includes information transmitted by an e-mail system and that *1187 many such transmissions are exempt under 2.051(c).
The fact that information made or received in connection with the official business of the judicial branch can be made or received electronically does not change the constitutional and rule-mandated obligation of judicial officials and employees to direct and channel such official business information so that it can be properly recorded as a public record. The obligation is the same whether the information is sent as a letter or memo by hard copy or as an e-mail transmission. Official business e-mail transmissions must be treated just like any other type of official communication received and filed by the judicial branch. It is important to note that, although official business communicated by e-mail transmissions is a matter of public record under the rule, the exemptions provided in 2.051(c) exempt many of these judge/staff transmissions from the public record. E-mail may include transmissions that are clearly not official business and are, consequently, not required to be recorded as a public record.
The judicial branch is presently experimenting with this new technology. For example, e-mail is currently being used by the judicial branch to transmit between judicial officials and employees multiple matters in the trial and appellate courts including direct communications between judicial officials and employees, proposed drafts of opinions and orders, memoranda concerning pending cases, proposed jury instructions, and even votes on proposed opinions. All of this type of information is exempt from public disclosure under rule 2.051(c)(1) and (2). With few exceptions, these examples of e-mail transmissions are sent and received between judicial officials and employees within a particular court's jurisdiction. We find that this type of e-mail is by its very nature almost always exempt from public record disclosure pursuant to 2.051(c). In addition, official business e-mail transmissions sent to or received by judicial officials or employees using dial-in equipment, as well as the use of on-line outside research facilities such as Westlaw, would also be exempt e-mail under 2.051(c). On the other hand, we recognize that not all e-mail sent and received within a particular court's jurisdiction will fall into an exception under 2.051(c). The fact that a non-exempt e-mail message made or received in connection with official court business is transmitted intra-court does not relieve judicial officials or employees from the obligation of properly recording such messages so they will be available similar to any other written communications. It appears that official business e-mail that is sent or received by persons outside a particular court's jurisdiction is largely non-exempt and is subject to being recorded in some form as a public record.
We conclude that the supreme court, each district court of appeal, and each judicial circuit should establish, when e-mail is implemented in their particular jurisdiction, transmission systems that allow officials and employees the means to manually store official business transaction e-mail that is non-exempt either electronically or on hard copy. The protocol for maintaining non-exempt e-mail records that relate to the transaction of official business by any court or court agency should be developed by each judicial entity consistent with the technology available in its jurisdiction. While we do not believe that the constitution requires that we electronically archive all e-mail messages sent or received, we do emphasize that all judicial officials and employees are obligated to ensure that non-exempt official business e-mail records are not lost. One way of satisfying this obligation is for judicial officials and employees to have an electronic means to store non-exempt official business e-mail transmissions. An alternative is to make a hard copy of any e-mail transmission related to the transaction of official business by any court or court agency and to file the copy appropriately. These approaches are no different from the present obligation on judicial officials and employees who receive or send communications in connection with the transaction of official business, be it by memo or letter.
Finally, each court should develop a means to properly provide official business e-mail access for the public to the court and should publish an e-mail address for that purpose. The individual e-mail addresses of judicial *1188 officials and staff are exempt under rule 2.051(c)(2) to protect the compelling interests of maintaining the uninterrupted use of the computer for research, word-processing, preparation of opinions, and communication during trials, and to assure computer security.
In conclusion, we accept in full the recommendations of the Committee with regard to the proposed rule changes and commentary. While we direct that these changes shall become effective on the date of this opinion, we will afford all interested parties an opportunity to comment and suggest modifications to the e-mail commentary within 60 days from the date of this opinion.[2]
It is so ordered.
GRIMES, C.J., and SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.

APPENDIX

RULE 2.051. PUBLIC ACCESS TO JUDICIAL RECORDS
(a) Generally. Subject to the rulemaking power of the Florida Supreme Court provided by article V, section 2, Florida Constitution, the following rule shall govern public access to the records of the judicial branch of government and its agencies. The public shall have access to all records of the judicial branch of government and its agencies, except as provided below.
(b) Definition. Judicial records for this rule refer to documents, exhibits in the custody of the clerk, papers, letters, maps, books, tapes, photographs, films, recordings, data processing software or other material created by any entity within the judicial branch, regardless of physical form, characteristics, or means of transmission, that are made or received pursuant to court rule, law or ordinance, or in connection with the transaction of official business by any court or court agency.
(c) Exemptions. The following records of the judicial branch and its agencies shall be confidential:
(1) Ttrial and appellate court memoranda, drafts of opinions and orders, court conference records, notes, and other written materials of a similar nature prepared by judges or court staff acting on behalf of or at the direction of the court as part of the court's judicial decision-making process utilized in disposing of cases and controversies before Florida courts unless filed as a part of the court record,
(2) Mmemoranda or advisory opinions that relate to the administration of the court and that require confidentiality to protect a compelling governmental interest, including, but not limited to, maintaining court security, facilitating a criminal investigation, or protecting public safety, which cannot be adequately protected by less restrictive measures. The degree, duration, and manner of confidentiality imposed shall be no broader than necessary to protect the compelling court governmental interest involved, and a finding shall be made that no less restrictive measures are available to protect this interest. The decision that confidentiality is required with respect to such administrative memorandum or written advisory opinion shall be made by the chief judge of the court involved, subject to review as provided be low; with the concurrence of either the chief judge of the next highest appellate court or the Chief Justice,.
(3)(A) Ccomplaints alleging misconduct against judges, until probable cause is established.
(B) Complaints alleging misconduct against and other entities or individuals licensed or regulated by the courts, until a finding of probable cause or no probable cause is established, unless otherwise provided.; Such finding should be made within the time limit set by law or rule. If no time limit is set, the finding should be made within a reasonable period of time.
*1189 (4) Pperiodic evaluations implemented solely to assist judges in improving their performance, all information gathered to form the bases for the evaluations, and the results generated therefrom;.
(5) applications by and evaluations of persons applying to serve as unpaid volunteer personnel to assist the court, at the court's request and direction, unless made public by court order based on a showing of materiality in a pending court procedure;
(5) Only the names and qualifications of persons applying to serve or serving as unpaid volunteers to assist the court, at the court's request and direction, shall be accessible to the public. All other information contained in the applications by and evaluations of persons applying to serve or serving as unpaid volunteers shall be confidential unless made public by court order based upon a showing of materiality in a pending court proceeding or upon a showing of good cause;
(6) Ccopies of arrest and search warrants and supporting affidavits retained by judges, clerks, or other court personnel until execution of said warrants or until a determination is made by law enforcement authorities that execution cannot be made;.
(7) Aall records made confidential under the Florida and United States Constitutions and federal law;.
(8) Aall court records presently deemed to be confidential by court rule, including the Rules for Admission to the Bar, by Florida Statutes, by prior case law of the State of Florida, and by the rules of the Judicial Qualifications Commission;.
(9) Aany court record that upon judicial determination determined to be confidential in case decision or court rule on the grounds establishes that
(A) confidentiality is required to
(i) prevent a serious and imminent threat to the fair, impartial, and orderly administration of justice;
(ii) protect trade secrets;
(iii) protect a compelling governmental interest;
(iv) obtain evidence to determine legal issues in a case;
(v) avoid substantial injury to innocent third parties;
(vi) avoid substantial injury to a party by disclosure of matters protected by a common law or privacy right not generally inherent in the specific type of proceeding sought to be closed;
(vii) comply with established public policy set forth in the Florida or United States Constitution or statutes or Florida rules or case law;
(B) the degree, duration, and manner of confidentiality ordered by the court shall be no broader than necessary to protect the interests set forth in subdivision (A); and
(C) no less restrictive measures are available to protect the interests set forth in subdivision (A).; and
(D) except as provided by law or rule of court, reasonable notice shall be given to the public of any order closing any court record.
(10) Tthe names and any identifying information of judges mentioned in an advisory opinion of the Committee on Standards of Conduct for Judges.
(b d) Review of Denial of Access Request. Expedited review of denials of access to judicial records or to the records of judicial agencies shall be provided through an action for mandamus, or other appropriate appellate remedy, in the following manner:
(1) Where a judge has denied a request for access to records in the judge's possession or custody, the mandamus action shall be filed in the court having appellate jurisdiction to review the decisions of the judge denying access.
(2) All other mandamus actions under this rule shall be filed in the circuit court of the circuit in which such denial of access occurs.
Requests and responses to requests for access to public records under this rule shall be made in a reasonable manner.

*1190 COMMENTARY
This rule was adopted to conform to the 1992 addition of article I, section 24, to the Florida Constitution. Amendments to this rule were adopted in response to the 1994 recommendations of the Study Committee on Confidentiality of Records of the Judicial Branch.
Subdivision (b) has been added by amendment and provides a definition of "judicial records" that is consistent with the definition of "court records" contained in rule 2.075(a)(1) and the definition of "public records" contained in chapter 119, Florida Statutes. The word "exhibits" used in this definition of judicial records is intended to refer only to documentary evidence and does not refer to tangible items of evidence such as firearms, narcotics, etc. Judicial records within this definition include all judicial records and data regardless of the form in which they are kept. Reformatting of information may be necessary to protect copyrighted material. Seigle v. Barry, 422 So.2d 63 (Fla. 4th DCA 1982), review denied, 431 So.2d 988 (Fla. 1983).
The definition of "judicial records" also includes official business information transmitted via an electronic mail (e-mail) system. The judicial branch is presently experimenting with this new technology. For example, e-mail is currently being used by the judicial branch to transmit between judges and staff multiple matters in the courts including direct communications between judges and staff and other judges, proposed drafts of opinions and orders, memoranda concerning pending cases, proposed jury instructions, and even votes on proposed opinions. All of this type of information is exempt from public disclosure under rules 2.051(c)(1) and (c)(2). With few exceptions, these examples of e-mail transmissions are sent and received between judicial officials and employees within a particular court's jurisdiction. This type of e-mail is by its very nature almost always exempt from public record disclosure pursuant to rule 2.051(c). In addition, official business e-mail transmissions sent to or received by judicial officials or employees using dial-in equipment, as well as the use of on-line outside research facilities such as Westlaw, would also be exempt e-mail under rule 2.051(c). On the other hand, we recognize that not all e-mail sent and received within a particular court's jurisdiction will fall into an exception under rule 2.051(c). The fact that a non-exempt e-mail message made or received in connection with official court business is transmitted intra-court does not relieve judicial officials or employees from the obligation of properly having a record made of such messages so they will be available to the public similar to any other written communications. It appears that official business e-mail that is sent or received by persons outside a particular court's jurisdiction is largely non-exempt and is subject to recording in some form as a public record. Each court should develop a means to properly make a record of non-exempt official business e-mail by either electronically storing the mail or making a hard copy. It is important to note that, although official business communicated by e-mail transmissions is a matter of public record under the rule, the exemptions provided in rule 2.051(c) exempt many of these judge/staff transmissions from the public record. E-mail may also include transmissions that are clearly not official business and are, consequently, not required to be recorded as a public record. Each court should also publish an e-mail address for public access. The individual e-mail addresses of judicial officials and staff are exempt under rule 2.051(c)(2) to protect the compelling interests of maintaining the uninterrupted use of the computer for research, word-processing, preparation of opinions, and communication during trials, and to ensure computer security.
Subdivision (c)(3) was amended by creating subparts (a) and (b) to distinguish between the provisions governing the confidentiality of complaints against judges and complaints against other individuals or entities licensed or regulated by the Supreme Court.
Subdivision (c)(5) was amended to make public the qualifications of persons applying to serve or serving the court as unpaid volunteers such as guardians ad litem, mediators, and arbitrators and to make public the applications and evaluations of such persons upon *1191 a showing of materiality in a pending court proceeding or upon a showing of good cause.
Subdivision (c)(9) has also been amended. Subdivision (c)(9) was adopted to incorporate the holdings of judicial decisions establishing that confidentiality may be required to protect the rights of defendants, litigants, or third parties; to further the administration of justice; or to otherwise promote a compelling governmental interest. Barron v. Florida Freedom Newspapers, Inc., 531 So.2d 113 (Fla. 1988); Miami Herald Publishing Co. v. Lewis, 426 So.2d 1 (Fla. 1982). Such confidentiality may be implemented by court rule, as well as by judicial decision, where necessary for the effective administration of justice. See, e.g., Fla.R.Crim.P. 3.470, (Sealed Verdict); Fla.R.Crim.P. 3.712, (Presentence Investigation Reports); Fla.R.Civ.P. 1.280(c), (Protective Orders).
Subdivision (c)(9)(D) requires that, except where otherwise provided by law or rule of court, reasonable notice shall be given to the public of any order closing a court record. This subdivision is not applicable to court proceedings. Unlike the closure of court proceedings, which has been held to require notice and hearing prior to closure, see Miami Herald Publishing Co. v. Lewis, 426 So.2d 1 (Fla. 1982), the closure of court records has not required prior notice. Requiring prior notice of closure of a court record may be impractical and burdensome in emergency circumstances or when closure of a court record requiring confidentiality is requested during a judicial proceeding. Providing reasonable notice to the public of the entry of a closure order and an opportunity to be heard on the closure issue adequately protects the competing interests of confidentiality and public access to judicial records. See Florida Freedom Newspapers, Inc. v. Sirmons, 508 So.2d 462 (Fla. 1st DCA 1987), approved, Barron v. Florida Freedom Newspapers, Inc., 531 So.2d 113 (Fla. 1988); State ex rel. Tallahassee Democrat v. Cooksey, 371 So.2d 207 (Fla. 1st DCA 1979). Subdivision (c)(9)(D), however, does not preclude the giving of prior notice of closure of a court record, and the court may elect to give prior notice in appropriate cases.
NOTES
[1] The Committee was composed of the following members: The Honorable Gerald T. Wetherington, Circuit Court Judge, Eleventh Judicial Circuit, Chair; Mr. Richard Ake, Clerk, Thirteenth Judicial Circuit; The Honorable F. Dennis Alvarez, Chief Judge, Thirteenth Judicial Circuit; The Honorable Tom H. Bateman, County Court Judge, Leon County; The Honorable Bennett H. Brummer, Public Defender, Eleventh Judicial Circuit; Ms. Cynthia Glazier, Staff Attorney, Guardian Ad Litem Program, Fourth Judicial Circuit; The Honorable Gilbert S. Goshorn, Chief Judge, Fifth District Court of Appeal; The Honorable Hubert L. Grimes, County Court Judge, Volusia County; Mr. Paul F. Hill (sitting for Mr. John F. Harkness, Jr., Executive Director, The Florida Bar); The Honorable Barry E. Krischer, State Attorney, Fifteenth Judicial Circuit; Mr. Richard C. McFarlain, Attorney; The Honorable Thomas S. Reese, Chief Judge, Twentieth Judicial Circuit; Mr. Nick Sudzina, Court Administrator, Tenth Judicial Circuit; Mr. Henry P. Trawick, Jr., Attorney; The Honorable Peter D. Webster, First District Court of Appeal; Mr. Pete Weitzel, Executive Managing Director, The Miami Herald; Mr. Jon S. Wheeler, Clerk, First District Court of Appeal; and Mr. Thornton J. Williams, General Counsel, Department of Transportation. The members of the Committee are to be commended for their diligent efforts in this important and sensitive area.
[2] Retention requirements under rule 2.075, Rules of Judicial Administration, will be subsequently addressed.