660 So.2d 255 (1995)
TIMES PUBLISHING COMPANY, etc., Petitioner,
v.
Richard AKE, etc., Respondent.
No. 84513.
Supreme Court of Florida.
June 15, 1995.
Rehearings Denied September 13, 1995.
George K. Rahdert, Patricia Fields Anderson and Alison M. Steele of Rehdert & Anderson, St. Petersburg, for petitioner.
Leslie E. Joughin, III, John W. Bakas, Jr. and John W. McWhirter, Jr. of McWhirter, Reeves, McGlothlin, Davidson & Bakas, P.A., and Karen E. Minton, Legal Adviser to the Clerk of the Circuit Court, Tampa, for respondent.
Lorence Jon Bielby and Jimmy D. Crawford of Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Tallahassee, amicus curiae for Florida Ass'n of Court Clerks, Inc.
Monroe W. Treiman, Brooksville, pro se.
OVERTON, Justice.
We have for review Times Publishing Co. v. Ake, 645 So.2d 1003 (Fla. 2d DCA 1994), in which the district court held that chapter 119, Florida Statutes (1991), does not apply to judicial records maintained by the clerk of the circuit court because the clerk's duties are derived from article V of the Florida Constitution; that the clerk is acting as an arm of the court when maintaining court records; and that court records are controlled by rules and decisions of the Supreme Court of Florida. The district court also certified the following as a question of great public importance:
ARE THE COURT RECORDS MAINTAINED BY THE CLERK OF THE CIRCUIT COURT SUBJECT TO THE INSPECTION AND COPYING REQUIREMENTS OF CHAPTER 119 OF THE FLORIDA STATUTES?
Id. at 1005. We have jurisdiction pursuant to article V, section 3(b)(4), of the Florida Constitution. We answer the certified question in the negative and approve the decision of the district court.
At the outset, it is important to note that the public records requested by Times Publishing were furnished by the clerk of the circuit court without the necessity of a trial on the merits. The sole issue on appeal is Times Publishing's entitlement to attorney's fees.
The record reveals the following facts. On March 12, 1992, a staff writer for Times Publishing made three written requests for information in the custody of Richard Ake, Clerk of the Circuit Court in Hillsborough County. The first request was to "inspect and copy the electronic records which comprise [the clerk's] probate, guardianship, trust and mental health database." Times Publishing noted that the information was *256 stored on magnetic tape in a "proprietary, non-standard file format" and asked that the data be converted using the "public's personnel and the public's equipment" into a standard file format that could be read by Times Publishing's equipment. Times Publishing specifically excluded from its request any data processing software and any indexes, foreign key definitions or security codes stored on the magnetic tape. The second request was to "inspect and copy [the clerk's] magnetic tapes containing the most recent computer back-up of all files that comprise the Hillsborough County Criminal Justice Information System." With this request, Times Publishing offered to copy the records with a special program that could redact selected information. Times Publishing specifically excluded from its request any confidential information. The third request was to "copy bond estreature cards kept by [the clerk's] office." This request asked that the clerk redact any non-public information before presenting the cards.
Ake responded by filing a declaratory judgment complaint in the circuit court. The complaint generally alleged that: (1) Ake had received three requests from Times Publishing to inspect and copy information in his custody; (2) some of the information on the magnetic tapes that Times Publishing wanted to copy was exempt from public disclosure; and (3) the clerk was currently working on a remote electronic access system to make non-exempt information available to the public. The complaint asked for a judgment as to whether: (1) "the records of the Court in the custody of the Clerk are subject to Chapter 119[1] under the separation of powers doctrine"; (2) "the Clerk is required to provide information ... with respect to the proprietary file structure in which the data is stored"; (3) "the Clerk is required to convert the data to a form readable by [Times Publishing's] computer" and "whether the Clerk is required to accelerate the completion date of the Remote Electronic Public Access System"; (4) "the Clerk is authorized to convert the data to a form readable by [Times Publishing's] computer system, utilizing public personnel and equipment and [to] furnish space and electricity to [Times Publishing] on an ongoing basis"; (5) "the unstructured raw data on the tapes constitutes a public record within the meaning of Chapter 119 or is it a precursor to public information under the holding of Shevin [v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633 (Fla. 1980)], and thus, not public"; and (6) "the Clerk is required to produce ... for inspection and copying bond estreature cards which have been filed in sealed or expunged court files."
Times Publishing moved to have the declaratory judgment complaint dismissed on the ground that it failed to present a justiciable controversy. The court denied the motion and Times Publishing filed its answer and affirmative defenses to Ake's complaint. Times Publishing also filed a counter-complaint in which it asserted that the records at issue were subject to inspection pursuant to either chapter 119 or case law. Subsequently, Ake advised the trial court that this Court's adoption of Rule of Judicial Administration 2.051, on October 29, 1992, after these proceedings had been commenced, resolved the issues raised in the first count of his complaint. All of the remaining issues were resolved by the parties with the exception of Times Publishing's claim for attorney fees pursuant to section 119.12, Florida Statutes (1991). Section 119.12 reads as follows:
119.12 Attorney's fees. 
(1) If a civil action is filed against an agency to enforce the provisions of this chapter and if the court determines that such agency unlawfully refused to permit a public record to be inspected, examined, or copied, the court shall assess and award, against the agency responsible, the reasonable costs of enforcement including reasonable attorneys' fees.
(2) Whenever an agency appeals a court order requiring it to permit inspection of records pursuant to this chapter and such order is affirmed, the court shall assess a reasonable attorney's fee for the appeal against such agency.
*257 The trial court held that Times Publishing was not entitled to attorney fees under section 119.12 because Ake did not unlawfully refuse Times Publishing's request.
On appeal, the Second District Court of Appeal affirmed. However, the district court based its decision on grounds different from the trial court's. The district court concluded that chapter 119 applied only to agencies of the government. It applied our prior decisions in Locke v. Hawkes, 595 So.2d 32 (Fla. 1992), and Chiles v. Children A, B, C, D, E and F, 589 So.2d 260 (Fla. 1991), in reaching its decision that the judiciary was a co-equal branch of government and not an "agency." The district court stated:
The clerk, when acting in the exercise of his duties derived from article V is acting as an arm of the court and, as such, is immune from the supervisory authority of the legislature. Thus, chapter 119 does not apply to the clerk in such capacity and the access to judicial records under his control is governed exclusively by rule 2.051 [of the Rules of Judicial Administration].
Times Publishing Co., 645 So.2d at 1005. The district court denied Times Publishing's motion for rehearing but granted its request for certification to this Court.
We find that the Second District Court's opinion presents a correct interpretation of the application of chapter 119, and we fully approve the opinion of the district court. We conclude that the clerks of the circuit courts, when acting under the authority of their article V powers concerning judicial records and other matters relating to the administrative operation of the courts, are an arm of the judicial branch and are subject to the oversight and control of the Supreme Court of Florida, rather than the legislative branch. We should emphasize that this Court has exercised its authority and directly addressed its responsibility in this area. In Barron v. Florida Freedom Newspapers, Inc., 531 So.2d 113 (Fla. 1988), and Miami Herald Publishing Co. v. Lewis, 426 So.2d 1 (Fla. 1982), we made clear that court records are presumed open and set forth standards for exemptions. In In re Amendments to Rule of Judicial Administration 2.051  Public Access to Judicial Records, 651 So.2d 1185 (Fla. 1995), this Court recently implemented article I, section 24, of the Florida Constitution, by setting forth the openness of court records, the standards for exemptions, and, in an extensive commentary, an explanation of the rule's application.
For the reasons expressed, we answer the certified question in the negative and approve the decision of the district court.
It is so ordered.
GRIMES, C.J., and SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Chapter 119 was enacted by the legislature to provide for public access to the records of state, county, and municipal agencies. See §§ 119.01(1), 119.011(2), Fla. Stat. (1993).