The Honorable John W. Mikos Sarasota County Property Appraiser 2001 Adams Lane Sarasota, Florida 34237
Dear Mr. Mikos:
You ask substantially the following questions:
1. Are "e-mail" messages between employees of the Property Appraiser's Office or to other governmental agencies considered to be public records?
2. Does a record of such messages have to be retained and if so, for how long and in what format?
In sum:
1. "E-mail" messages made or received by the employees of the Property Appraiser's Office in connection with the transaction of official business are public records.
2. As a public record, "e-mail" messages are subject to the statutory restrictions on destruction of public records, which require agencies to adopt a schedule for the disposal of records no longer needed, subject to the approval of the Division of Library and Information Services of the Department of State.
You state that your office is considering the installation of a software product that will facilitate the electronic transfer of messages between members of your staff and with other governmental agencies. You, therefore, inquire about the status of such messages under Chapter 119, Florida Statutes, the Public Records Law.
Question One
Section 119.01(1), Florida Statutes, declares that it is the policy of this state that all state, county, and municipal records be open for personal inspection by any person. Section 119.011(1), Florida Statutes, defines "public records" for purposes of Chapter 119, Florida Statutes, to include
all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data processing software, or other material regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency.
The Supreme Court of Florida in Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc.,[1] stated that the above definition encompasses all materials made or received by an agency in connection with official business that are used to perpetuate, communicate, or formalize knowledge.
Thus, the definition of "public records" is comprehensive and encompasses all such material regardless of its physical form or characteristics. As the court observed in Seigle v. Barry,[2]
"[t]here can be no doubt that information stored on a computer is as much a public record as a written page in a book or a tabulation in a file stored in a filing cabinet. . . ." Moreover, the Legislature in 1995 amended the definition of "public records" to include records made or received in connection with official business is a public record, regardless of the "means of transmission," thus evincing an intent to include information transmitted by computer.[3]
In 1995, the Supreme Court approved proposed amendments to and a commentary to Rule 2.051, Florida Rules of Judicial Administration, which relates to access to judicial records. Among other things, the Court stated that "e-mail" constitutes a judicial record, noting that the "fact that information made or received in connection with the official business of the judicial branch can be made or received electronically does not change the constitutional and rule-mandated obligation of judicial officials and employees to direct and channel such official business information so that it can be properly recorded as a public record."[4]
Similarly, the fact that information made or received by your office in connection with official business is electronically made or received would not appear to alter its character as a public record under the statutory definition contained in section119.011(1). Thus, I am of the opinion that "e-mail" messages made or received by your office in connection with the transaction of official business are public records subject to the requirements of Chapter 119, Florida Statutes.
Question Two
Section 119.05, Florida Statutes, provides that whoever has custody of public records shall deliver such records to his or her successor at the expiration of the custodian's term or, if there is no successor, to the records and information management program of the Division of Library and Information Services (division) of the Department of State. For those records without sufficient legal, fiscal, administrative or archival value, each agency is required to establish a program for the disposal of such records pursuant to the retention schedules established by the records and management program of the division.[5] Section 119.041, Florida Statutes, provides that records no longer needed be systematically disposed of by public officials subject to the consent of the division in accordance with section 257.36, Florida Statutes.
Section 257.36(6), Florida Statutes, directs agencies to submit to the division a list or schedule of records not needed in the transaction of current business and without sufficient administrative, legal, or fiscal significance to warrant further retention by the agency. In the discretion of the division, such records shall be transferred to the division for further retention and preservation as provided in chapter 257, Florida Statutes, or may be destroyed upon the division's approval.[6] No record, however, may be destroyed or disposed of by any agency unless approval of the division is first obtained.[7]
Accordingly, "e-mail" messages made or received by the employees of the Property Appraiser's Office in carrying out their duties may not be destroyed except in accordance with the retention schedule adopted by that office and with the consent of the Division of Library and Information Services of the Department of State. The determination as to the format in which to maintain such records, however, would appear to involve policy considerations that the individual agency must resolve. In light of the responsibilities of the division in approving a records management program for agencies subject to the Public Records Law, you may wish to further discuss the procedures for retention of "e-mail" records with that division.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] 379 So.2d 633 (Fla. 1980).
[2] 422 So.2d 63, 65 (Fla. 4th DCA 1982), review denied,431 So.2d 988 (Fla. 1983). And see, Op. Att'y Gen. Fla. 89-39 (1989) (information stored in computer utilized by county commissioners to facilitate and conduct their official business is subject to Ch. 119); Op. Att'y Gen. Fla. 85-3 (1985) (computer tapes are public records).
[3] See, s. 6, Ch. 95-296, Laws of Florida. And see, s. 5, Ch. 95-296, supra, amending s. 119.01 to state that "providing access to public records is a duty of each agency and that automation of public records must not erode the right of access to those records."
[4] In re Amendments to Fla.R.Jud.Admin. 2.051, Public Access to Judicial Records, 651 So.2d 1185, 1187 (Fla. 1995).
[5] Section 119.01(3), Fla. Stat. (1995).
[6] Section 257.36(6), Fla. Stat. (1995).
[7] Section 257.36(7), Fla. Stat. (1995).