675 So.2d 674 (1996)
WFTV, INC., d/b/a Palm Beach Newspapers, Inc., Sun-Sentinel Company, Inc. and Miami Herald Publishing Company, Appellant,
v.
Dorothy H. WILKEN, Clerk of the Court, Fifteenth Judicial Circuit, Palm Beach County, Appellee.
No. 95-2352.
District Court of Appeal of Florida, Fourth District.
June 19, 1996.
*675 L. Martin Reeder, Jr., and Cristina M. Simon of Steel Hector & Davis, West Palm Beach, for appellants.
Charles F. Schoech and Bill Corley of Caldwell & Pacetti, Palm Beach, for appellee.
Lorence Jon Bielby of Greenberg Traurig Hoffman Lipoff Rosen & Quentel, P.A., for Amicus Curiae Florida Association of Court Clerks, Inc.
PARIENTE, Judge.
This lawsuit arose when the Clerk of the Palm Beach County Circuit Court commenced charging $1.00 per page for copies of court records, asserting that this charge was in accordance with subsection 28.24(8)(a), Florida Statutes (1995). Appellants challenge the legality of the $1.00 per page charge. We affirm the trial court's entry of summary judgment because we find that the principles of Times Publishing Co. v. Ake, 660 So.2d 255 (Fla.1995), are not violated by the legislative determination of applicable charges for copies of court records and further that the charges set forth in subsection 28.24(8)(a) are applicable to all court records.[1]
*676 In Ake, our supreme court approved the decision of the second district that:
The clerk, when acting in the exercise of his duties derived from article V is acting as an arm of the court and, as such, is immune from the supervisory authority of the legislature. Thus, chapter 119 does not apply to the clerk in such capacity and the access to judicial records under his control is governed exclusively by rule 2.051 [of the Rules of Judicial Administration].
660 So.2d at 257 (quoting Times Publishing Co. v. Ake, 645 So.2d 1003, 1005 (Fla. 2d DCA 1994)). Ake stands for the proposition that access to judicial records under the clerk's control is governed exclusively by the supreme court.
Contrary to appellants' position, charging a fee for copying judicial records does not interfere with appellants' constitutionally protected right to access. In fact, in Roesch v. State, 633 So.2d 1, 3 (Fla.1993), our supreme court found that an incarcerated indigent defendant denied free copies of public records is not deprived of any constitutional right to access but is simply "in the same position as anyone else seeking public records who cannot pay the copying costs and who cannot afford the trip to personally examine the records." Id. See also Yanke v. State, 588 So.2d 4 (Fla. 2d DCA 1991), review denied, 595 So.2d 559 (Fla.), cert. denied, 503 U.S. 973, 112 S.Ct. 1592, 118 L.Ed.2d 309 (1992).
Our supreme court emphasized in Ake that it had directly addressed its responsibility concerning access to court records by adopting In re Amendments to Rule of Judicial Administration 2.051-Public Access to Judicial Records, 651 So.2d 1185 (Fla.1995), in which it "implemented article I, section 24, of the Florida Constitution, by setting forth the openness of court records, the standards for exemptions, and, in an extensive commentary, an explanation of the rule's application." Ake, 660 So.2d at 257. In adopting the comprehensive provisions of rule 2.051 governing access to court records, our supreme court did not adopt any provisions dealing with the costs to be charged to obtain copies of those records.
In fact, in Amendments to Rule 2.051, our supreme court rejected certain language urged by Times Publishing Company, stating: "We choose not to accept these suggestions because to do so could have fiscal ramifications...."[2] 651 So.2d at 1186. We do not find that the reasoning in Ake, which dealt with the exclusive jurisdiction of the supreme court to exercise supervisory authority over the judicial branch, precludes the legislature from setting fees for copies of court records. See also Bauer v. Resolution Trust Corp., 621 So.2d 521, 522 (Fla. 4th DCA 1993) (clerk of court required to charge fees specified by section 28.24(13)).
As an alternative argument, appellants contend that if the legislature has the authority to mandate the fees charged for copying court records, then the $.15 per page charge set forth in subsection 119.07(1)(a) applies, rather than subsection 28.24(8). Section 28.24 establishes a comprehensive fee schedule for services provided by the clerk,[3] and specifically, section 28.24(8)(a) provides for a service charge by the Clerk of the Circuit Court of $1.00 per page for the making of copies by photographic process for "any instrument in the public records" consisting of pages not more than 14 inches by 8 1/2 inches. Appellants argue that subsection *677 28.24(8) does not apply to all court records because all court records are not included within the phrase "any instrument in the public records."
While section 28.24 sets forth the mandatory amounts to be charged by the clerk of court for a comprehensive list of specific services, subsection 119.07(1)(a) is a general statute applicable to all custodians of public records. Subsection 119.07(1)(a) requires the custodian of a public record to furnish a copy
upon payment of the fee prescribed by law or, if a fee is not prescribed by law, for duplicated copies of not more than 14 inches by 8 ½ inches, upon payment of not more than 15 cents per one-sided copy, and for all other copies, upon payment of the actual cost of duplication of the record.
(Emphasis supplied).
If court records are not encompassed by subsection 28.24(8), there would be no fee prescribed by law, and subsection 119.07(1)(a) would apply. This is because there is no other subsection within chapter 28 dealing with the copying of court records and no other statute specifically pertaining to charges for court records.
The focus of our statutory analysis is the phrase "instrument in the public records." The term "public records" has been defined by statute, see § 28.001(2), Fla. Stat. (1995); the term "instrument" has not. As we stated in Arthur Young & Co. v. Mariner Corp., 630 So.2d 1199, 1202 (Fla. 4th DCA 1994):
When courts are required to interpret statutory language, "a statute should be construed and applied so as to give effect to the evident legislative intent, regardless of whether such construction varies from the statute's literal meaning." Nevertheless, that intent is determined primarily from the language of the statute. "When the language of a statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute itself must be given its plain and obvious meaning."
(Citations omitted). See also Green v. State, 604 So.2d 471, 473 (Fla.1992).
"One of the most fundamental tenets of statutory construction requires that we give statutory language its plain and ordinary meaning, unless the words are defined in the statute or by the clear intent of the legislature." Green, 604 So.2d at 473. See also Southeastern Fisheries Ass'n v. Department of Natural Resources, 453 So.2d 1351 (Fla.1984). If necessary, the plain and ordinary meaning of the word can be ascertained by reference to a dictionary. Green; Gardner v. Johnson, 451 So.2d 477 (1984).
The ordinary meaning of the term "instrument" can include those documents having independent legal significance such as contracts, deeds, wills, bonds, or leases as well as a more expansive definition of "[a]nything reduced to writing, a document of a formal or solemn character, a writing given as a means of affording evidence." See Black's Law Dictionary 801 (6th ed.1990).[4] Whether or not an "instrument" includes all court records maintained by the clerk depends on whether a restrictive or expansive definition of "instrument" is employed.
*678 In a July 11, 1994 opinion, the Florida Attorney General opined that the term "instrument" within section 28.24(8) included only those documents having independent legal significance, such as contracts, deeds, wills, bonds, or leases.[5]See 94-60 Op. Att'y Gen. (1994). The Florida Attorney General utilized only part of Black's dictionary definition and ascribed the narrowest construction to the term. Appellants urge us to adopt this construction or to utilize an even narrower definition restricting "instruments" to only those documents that are recorded.
A statutory term should not be read in isolation, but rather in context. See C.S. & J.S. v. S.H. & K.H., 671 So.2d 260, 268 (Fla. 4th DCA 1996); Arthur Young, 630 So.2d at 1202. Interpreting the phrase "instruments in the public records" as limited to recorded documents would be inconsistent with section 28.001, which defines "official records" and "public records":
(1) "Official records" means each instrument that the clerk of the circuit court is required or authorized to record in the series of books called "Official Records" as provided for in s. 28.222.
(2) "Public records" has the same meaning as in s. 119.011[6] and includes each official record.

(Emphasis supplied). Because public records encompass both recorded and unrecorded documents, if the legislature had intended to restrict the $1.00 charge to recorded documents only, it would have utilized the phrase "instrument in the official records." See § 28.24(15)(c). Therefore, an "instrument in the public records" must include unrecorded, as well as recorded, instruments.
The next issue for our determination is whether the legislature intended to limit the term "instrument" to a narrow class of court records, consistent with the Attorney General's opinion. A phrase must be viewed in the context of the entire statutory section. See Jackson v. State, 634 So.2d 1103, 1104 (Fla. 4th DCA 1994); Arthur Young, 630 So.2d at 1202. A review of other subsections within section 28.24 supports the conclusion that the legislature intended to use the term "instrument" expansively. Subsection 28.24(4) requires a $2.00 per "instrument" charge for preparing, numbering, and indexing an original "record" of appellate proceedings. If the term "instrument" were limited in the manner appellants suggest, this subsection would be rendered meaningless and there would be virtually no charge for preparing the record on appeal. See Weber v. Dobbins, 616 So.2d 956, 958 (Fla.1993) (literal interpretation of language of statute need not be given when to do so would lead to unreasonable or ridiculous conclusion).
Other examples of the expansive use of the term "instrument" within section 28.24 are as follows:
(5): For certifying copies of any instrument in the public records ... $1.00 per page
* * * * * *
(10): For copying any instrument in the public records by other than photographic process, per page ... $4.00.
If the term "instrument" were limited to recorded documents, there would be no charge established for certifying copies of all other court documents. In view of the fact that section 28.24 encompasses a comprehensive schedule of services and the corresponding charges, it is logical to conclude that the legislature intended to set charges for all court records and not only a very limited class of documents. See Arthur Young, 630 So.2d at 1202.
*679 A statutory phrase should also be viewed not only in its internal context within the section, but in harmony with interlocking statutes. See C.S., 671 So.2d at 268; Arthur Young, 630 So.2d at 1202. Section 28.231, Florida Statutes (1995), sets forth that the clerks of any state appellate or county or state trial court "shall receive as compensation for similar services the same charges as provided in this chapter for the clerk of the circuit court." Since the appellate court clerks do not handle any recorded court records, the appellate court clerk's current practice of charging $1.00 per page, derived from reading section 28.231 in pari materia with subsection 28.24(8)(a), would be without statutory authority.
Finally, we note that section 25.241, Florida Statutes (1995), requires the clerk of the supreme court to collect a fee of at least $1.00 for the copying of "opinions, records, papers, or other instruments." (Emphasis supplied). The use of the term "other" in the phrase "or other instruments" indicates that opinions, records, and papers are included in the term "instruments" for purposes of that statute. Because the subject matter of sections 25.241 and 28.24(8) is closely related, i.e., the copying of public records, it follows that the term "instrument" should be interpreted consistently in the two sections. See Florida State Racing Comm'n v. McLaughlin, 102 So.2d 574, 576 (Fla.1958) (whether statute being construed is consistent with closely related statute is a factor in statutory construction).
A reading of section 28.24 as a whole and in pari materia with similar statutes governing court records leads us to the conclusion that there is no legal distinction in section 28.24 between the term "instrument" and the term "document," and court records are thus included within "any instrument in the public records" subject to subsection 28.24(8)(a) copying charges. Accordingly, the summary judgment is affirmed.
KLEIN and SHAHOOD, JJ., concur.
NOTES
[1] We do not address appellants' contention that the charge of $1.00 per page is unreasonable because this point was not raised in the trial court. The case was submitted to the trial court on a set of stipulated facts.
[2] Times Publishing Company suggested substitute language to address its concerns about copyright protection, confidentiality, and the statement that the closing of court proceedings requires prior notice while the closing of court records does not. In re Amendments to Rule of Judicial Administration 2.051Public Access to Judicial Records, 651 So.2d 1185, 1186 (Fla. 1995).
[3] Examples of the services covered and fees charged by the clerk of court under section 28.24 include the following: court attendance by each clerk at $75.00 per day; court minutes at $5.00 per page; verifying any instrument presented for certification prepared by someone other than the clerk at $2.00 per page; and recording, indexing, and filing any instrument not more than 14 inches by 8 1/2 inches at $5.00 for the first page and $4.00 per each additional page.
[4] Black's Law Dictionary 801 (6th ed.1990) contains the following definition of "instrument":

A formal or legal document in writing, such as a contract, deed, will, bond, or lease. A writing that satisfies the requisites of negotiability prescribed by U.C.C. Art. 3. A negotiable instrument (defined in U.C.C. § 3-104), or a security (defined in U.C.C. § 8-102) or any other writing which evidences a right to the payment of money and is not itself a security agreement or lease and is of a type which is in ordinary course of business transferred by delivery with any necessary indorsement or assignment.
Anything reduced to writing, a document of a formal or solemn character, a writing given as a means of affording evidence. A document or writing which gives formal expression to a legal act or agreement, for the purpose of creating, securing, modifying, or terminating a right. A writing executed and delivered as the evidence of an act or agreement. Anything which may be presented as evidence to the senses of the adjudicating tribunal.
Incomplete instrument. A paper whose contents show, at the time of signing, that it is intended to become an instrument but that is not an instrument because a necessary element is missing.
(Citations omitted).
[5] This narrow definition of the term "instrument" led the Florida Attorney General to conclude that chapter 28 does not require the clerk of the circuit court to charge $1.00 per page for all public records. Op. Att'y Gen. Fla. 94-60 (1994). We note that the opinion of the Attorney General is not binding on a court, although it is entitled to careful consideration and generally should be regarded as highly persuasive. See State v. Family Bank of Hallandale, 623 So.2d 474, 478 (Fla.1993).
[6] According to section 119.011, Florida Statutes (1995):

(1) "Public records" means all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data processing software, or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency.