689 So.2d 1209 (1997)
T.T., Petitioner,
v.
The STATE of Florida, Respondent.
No. 96-3226.
District Court of Appeal of Florida, Third District.
March 12, 1997.
*1210 Rex E. Russo, Miami, for petitioner.
Robert A. Butterworth, Attorney General, and Cynthia A. Greenfield, Assistant Attorney General, for respondent.
Before SCHWARTZ, C.J., and NESBITT and COPE, JJ.
COPE, Judge.
T.T. petitions for a writ of certiorari to quash an order denying him copies of documents in the court file of a juvenile delinquency proceeding, and transcripts of hearings in the same proceeding. We treat the petition for writ of certiorari as a petition for writ of mandamus and grant the writ.
T.T. is the parent of the minor child P.T. The state filed a delinquency petition against P.T. Multiple proceedings and hearings followed wherein the trial court directed that certain psychological and medical evaluations take place. T.T. objected to certain portions of the trial court's order.
Acting on his own behalf and on behalf of the minor son, P.T., T.T. requested a copy of the court file and transcripts of the hearings in the case, at T.T.'s expense. At the time T.T. made this request, T.T. had been held in contempt by the trial court and had filed a petition for writ of habeas corpus.[1] The trial court viewed the records request in light of T.T.'s then-pending petition for writ of habeas corpus. The trial court allowed T.T. to order a transcript of one of the trial court's hearings, but refused to allow transcription of the other hearings in the case.[2] The trial court concluded that only one of the transcripts was pertinent to the petition for writ of habeas corpus and that the other transcripts would have no bearing on that proceeding.
With regard to the court file, the trial court ruled that T.T.'s request was overbroad. The court ordered that T.T. be allowed to read the entire court file, but denied the request to make copies from the file at T.T.'s expense.
T.T. filed a petition for writ of certiorari in this court, seeking to quash so much of the trial court order as denied T.T. the requested transcripts and a copy of the court file. We treat the petition for writ of certiorari as a petition for writ of mandamus. See Fla.R.Jud.Admin. 2.051(d) ("Expedited review of denials of access to judicial records or to the records of judicial agencies shall be provided through an action for mandamus, or other appropriate appellate remedy....")[3]
Subsection 39.045(4), Florida Statutes (Supp.1996), addresses access to official records of juvenile delinquency proceedings.[4] The statute provides, in part:

*1211 (4) The clerk shall keep all official records required by this section separate from other records of the circuit court, except those records pertaining to motor vehicle violations.... Except as provided in subsection (9) and s. 943.053, official records required by this part are not open to inspection by the public, but may be inspected only upon order of the court by persons deemed by the court to have a proper interest therein, except that a child and the parents, guardians, or legal custodians of the child and their attorneys, law enforcement agencies, the Department of Juvenile Justice and its designees, the Parole Commission, and the Department of Corrections shall always have the right to inspect and copy any official record pertaining to the child.

Id. § 39.045 (emphasis added).
The statute grants the parent and child the right to inspect and copy any official record pertaining to the child. Since the parent and child have a right of access and copying for the entire file, it follows that the request should have been granted.
The request for transcripts was denied because, in the court's view, all but one of the transcripts were irrelevant to T.T.'s then-pending petition for writ of habeas corpus. That reason for denial of access, too, was invalid. The statute grants a right of access for the parent and child, without regard to any question of relevancy.
This is not a case in which there has been a particularized finding that it is necessary to withhold some portion of the records or transcripts from the parent in order to protect the child from harm as, for example, where the child is at risk of child abuse or child kidnapping and records must be sealed to prevent disclosure of the child's location. Although the point is not now before us, Rule 2.051 appears flexible enough to allow protective measures to be taken where needed. There is no suggestion that any such circumstances exist in the present case.
Here the parent and child have a right to obtain a copy of the court file and the requested transcripts. We grant the petition, direct that the order of denial of access be vacated, and direct that the requested records and transcripts be provided to T.T. The records and transcripts need not be turned over to T.T. until T.T. makes payment therefor. As we are confident that the trial court will proceed in accordance with the views expressed herein, we do not formally issue the writ.
Petition for writ of mandamus granted.
NOTES
[1] The court ruled that T.T. had willfully failed to produce P.T. for the required evaluations and held him in contempt. The contempt citation was overturned by this court because there was no competent evidence of a willful violation of the trial court's order.
[2] T.T. had attended all but one of the hearings in the case.
[3] We have recaptioned the case to conform to newly adopted Florida Rule of Appellate Procedure 9.100(e) which, effective January 1, 1997, provides:

(e) Exception; Petitions for Writs of Mandamus and Prohibition Directed to a Judge or Lower Tribunal. When a petition for a writ of mandamus or prohibition seeks a writ directed to a judge or lower tribunal, the following procedures apply:
(1) Caption. The name of the judge or lower tribunal shall be omitted from the caption. The caption shall bear the name of the petitioner and other parties to the proceeding in the lower tribunal who are not petitioners shall be named in the caption [as] respondents.
(2) Parties. The judge or the lower tribunal is a formal party to the petition for mandamus or prohibition and must be named as such in the body of the petition (but not in the caption). The petition must be served on all parties, including any judge or lower tribunal who is a formal party to the petition.
(3) Response. The responsibility to respond to an order to show cause is that of the litigant opposing the relief requested in the petition. Unless otherwise specifically ordered, the judge or lower tribunal has no obligation to file a response. The judge or lower tribunal retains the discretion to file a separate response should the judge or lower tribunal choose to do so. The absence of a separate response by the judge or lower tribunal shall not be deemed to admit the allegations of the petition.
[4] As a preliminary matter, public access to judicial records is now regulated by Florida Rule of Judicial Administration 2.051. Times Publishing Co. v. Ake, 660 So.2d 255, 257 (Fla.1995). The records at issue here qualify as judicial records. Fla.R.Jud.Admin. 2.051(b).

However, Rule 2.051(c)(7) in turn makes confidential "[a]ll court records presently deemed to be confidential ... by Florida Statutes...." Consequently, subsection 39.045(4) remains authoritative.