Ms. Margaret T. Roberts Port Orange City Attorney 1000 City Center Circle Port Orange, Florida 32119
Dear Ms. Roberts:
On behalf of the City Council of the City of Port Orange you have asked for my opinion on substantially the following question:
May a member of the City of Port Orange City Council copy another council member directly with a communication via the use of computer e-mail so long as the e-mail communicates only factual background information and does not result in the exchange of the council members' comments or the council members' responses on subjects requiring council action and so long as the public record is maintained?
In sum:
The e-mail communication of factual background information from one city council member to other council members is a public record and should be maintained by the records custodian for public inspection and copying. However, such communication of information, when it does not result in the exchange of council members' comments or responses on subjects requiring council action, does not constitute a meeting subject to the Government in the Sunshine Law.
According to your letter, the city council members of the City of Port Orange make every effort to stay informed of city business through meetings, written information and discussions with the city manager. The city manager provides the city council members with copies of all correspondence and documents coming to his attention and maintains a reading file with printed copies of all correspondence and documents.
In advance of council meetings, the members of the city council receive a meeting agenda. Prior to the meeting an individual council member may request the city manager to provide additional background information regarding some aspect of an agenda item. Similarly, upon reading some of the communications regarding routine city business, a council member may request additional background information. In an effort to keep all members of the council informed, such requests for additional background information and the responsive communications are provided to all council members and placed in a reading file. The reading file is accessible to anyone requesting to review and/or copy the material in the file, including council members. Your question is based on these current practices of the city council and city manager.
Electronic mail or "e-mail" communications have been determined by this office, the executive branch of state government, and the Florida Supreme Court to be public records subject to Chapter 119, Florida Statutes, the Public Records Law.
In Attorney General's Opinion 96-34, this office was asked to determine whether e-mail messages between employees of the property appraiser's office or to other governmental agencies should be considered public records. The opinion noted that the definition of "public records" is a comprehensive and all encompassing one and applies to all material regardless of its physical form or characteristics. Further, the Legislature amended the definition of "public records" in 1995 to include records made or received in connection with official business as a public record regardless of the "means of transmission," thus indicating an intent to include information transmitted by computer.[1] The opinion concludes that e-mail messages made or received by employees of the office of the property appraiser in connection with the transaction of official business are public records subject to the requirements of Chapter 119, Florida Statutes.
The Florida Supreme Court in In re Amendments to Rule of JudicialAdministration 2.051 — Public Access to Judicial Records[2] noted:
"The fact that information made or received in connection with the official business of the judicial branch can be made or received electronically does not change the constitutional and rule-mandated obligation of judicial officials and employees to direct and channel such official business information so that it can be properly recorded as a public record. The obligation is the same whether the information is sent as a letter or memo by hard copy or as an e-mail transmission. Official business e-mail transmissions must be treated just like any other type of official communication received and filed by the judicial branch."[3]
The Court recognized that not all e-mail messages were required to be archived but that "all judicial officials and employees are obligated to ensure that non-exempt official business e-mail records are not lost." The Court suggested development of electronic means to store non-exempt official business e-mail transmissions and, as an alternative, making a hard copy of any e-mail transmission related to the transaction of official business by any court or court agency and filing that copy appropriately.
The Department of State, the executive branch agency charged with administration of public records retention and destruction, has recognized in its administrative rules and internal policy guidelines that e-mail communications are public records. The Division of Library and Information Services has promulgated rules for the retention of electronic records.[4] As stated in The Electronic Mail Policy of the Florida Department of State:
"E-mail is not considered a record series or category. It is a means of transmission of messages or information. The content of e-mail messages may vary considerably, and therefore, e-mail messages must be evaluated for content to determine the length of time the message must be retained. For example, retention schedules published by the Bureau of Archives and Records Management of the Division of Library and Information Services require the retention of memoranda and correspondence for specified time periods. Transmitting such records electronically would not alter the obligation to retain these records, nor would it alter their corresponding retention periods."
The records involved in your questions — factual communications, position papers and similar types of records — appear to be "Administrator Records: Public Officials/Agency Heads," which require a record copy be retained for 10 years. As described in the Department of State's general schedule for state and local governmental agencies, this record series consists of
"office files documenting the substantive actions of elected or appointed officials and/or the agency head. These records constitute the official record of an agency's performance of its functions and formulation of policy and program initiative. This series will include various types of records such as correspondence; memoranda; statements prepared for delivery at meetings, conventions or other public functions that are designed to advertise and promote departmental programs, activities and policies; interviews; and reports concerning agency program development and implementation. The filing of these materials together in a central unified file is encouraged. . . ."[5]
Clearly, the nature of information — that is, that it is electronically generated and transferred — has been determined not to alter its character as a public record under the provisions of Chapter 119, Florida Statutes.
You have asked whether an exchange by e-mail of factual background information among city council members could be characterized as a meeting subject to the provisions of Florida's Government in the Sunshine Law. The Government in the Sunshine Law, section286.011(1), Florida Statutes, requires that:
"All meetings of any board or commission of . . . any agency or authority of any county . . . or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting. The board or commission must provide reasonable notice of all such meetings."
Application of the statute is not limited to meetings at which final, formal actions are taken. Rather, it applies to any gathering where members deal with some matter on which foreseeable action will be taken by the board.[6] Florida courts have recognized that it is the entire decision-making process that is covered by the Government in the Sunshine Law, not merely meetings at which a final vote is taken.[7]
In Attorney General's Opinion 96-35, this office concluded that a written memorandum sent by one school board member to other school board members informing them that the individual member intended to recommend certain action at a school board meeting would not violate the Government in the Sunshine Law. The memorandum discussed in that opinion did not solicit responses from other board members and there was no discussion among the members concerning the memorandum prior to the school board meeting, nor was there any exchange of correspondence among the board members concerning the memorandum. The opinion notes that the Sunshine Law is to be construed "to frustrate all evasive devices,"[8] and this office has previously concluded that the use of memoranda among board or commission members to avoid a public meeting may be a violation of the law, even though two members of the board or commission are not physically present. In such a situation, if a memorandum reflecting the views of a board member is circulated among the other members of the board for each to indicate his or her approval or disapproval, upon completion of the members signing off, the memorandum has the effect of becoming official action of the board in violation of the Government in the Sunshine Law.[9]
In addition, the Attorney General's Office has determined that the Sunshine Law is implicated when a person other than a board member is used as a liaison among board members. For example, a city manager may not ask each commissioner to state his or her position on a specific matter that will foreseeably be considered by the commission at a public meeting, in order to provide the information to the members of the commission.[10] Likewise, the use of a memorandum to solicit comment from other members of the board or commission by responsive memoranda would appear to violate the statute. Such action would amount to a discussion of public business through the use of memoranda without making provision for public input.
However, a 1989 opinion of the Attorney General[11] concluded that the use of a memorandum by a city commissioner to provide information to the other commissioners on a subject that was to be discussed at a public meeting did not violate the Government in the Sunshine Law so long as no interaction related to the memorandum took place among the commissioners. The circumstances of that opinion did not involve the use of a memorandum as a substitute for action at a public meeting because no interaction among the commissioners took place prior to the public meeting.[12]
Based on the discussion above, it is my opinion that the e-mail communication of factual background information from one city council member to other council members that does not result in the exchange of council members' comments or responses on subjects requiring council action does not constitute a meeting subject to the Government in the Sunshine Law.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, s. 6, Ch. 95-296, Laws of Florida. And see, s. 5, Ch. 95-296, supra, amending s. 119.01, Fla. Stat., to state that "providing access to public records is a duty of each agency and that automation of public records must not erode the right of access to those records."
[2] 651 So.2d 1185 (Fla. 1995).
[3] Id. at 1187.
[4] See, Rule 1B-26.003, F.A.C., entitled "Electronic Record-keeping."
[5] See, Item #122, "Administrator Records: Public Officials/Agency Heads", State of Florida, General Records Schedule for State and Local Government Agencies, Schedule GS1, issued March 1996.
[6] See, e.g., Board of Public Instruction of Broward County v.Doran, 224 So.2d 693 (Fla. 1969); Canney v. Board of PublicInstruction of Alachua County, 278 So.2d 260 (Fla. 1973).
[7] See, e.g., Times Publishing Company v. Williams,222 So.2d 470, 473 (Fla. 2d DCA 1969), disapproved in part on other grounds,Neu v. Miami Herald Publishing Company, 462 So.2d 821 (Fla. 1985), in which the district court stated:
"Every step in the decision-making process, including the decision itself, is a necessary preliminary to formal action. It follows that each such step constitutes an `official act,' an indispensable requisite to `formal action,' within the meaning of the act."
[8] Town of Palm Beach v. Gradison, 296 So.2d 473, 477 (Fla. 1974).
[9] See, Inf. Op. to Mr. John Blair, dated June 29, 1973.
[10] See, Blackford v. School Board of Orange County,375 So.2d 578 (Fla. 5th DCA 1979) (series of scheduled successive meetings between the school superintendent and individual members of the school board were subject to the Government in the Sunshine Law; while normally a meeting between the superintendent and a member would not be subject to s. 286.011, Fla. Stat., meetings held in rapid-fire succession in order to avoid a public meeting amounted to a de facto meeting of the school board).
[11] Attorney General's Opinion 89-23 (1989).
[12] And see, Op. Att'y Gen. Fla. 96-35 (1996) concluding that if a school board member writes a memorandum to provide information or to make a recommendation to other school board members on a particular subject, there is no violation of section286.011, Florida Statutes. However, it was noted that such a memorandum is a public record and copies must be made available for inspection and copying.